*Spencer, Ch. J.,
delivered the opinion of the court. The plaintiff's right to recover freight, depends on the legal import of the clause in the bill of lading, by which it is stipulated, that the goods should be delivered to Cropper, Benson, Co. “ they paying freight for the same, one penny sterling per pound, with primage and average accustomed.”
The effect of this clause has been repeatedly considered in the English courts, and the decisions have been uniform in both the King’s Bench and Common Pleas. In Shephard v. De Bernales, (13 East, 508.) Lord Ellenborough examined all the cases, and he considered the clause introduced for the benefit of the carrier of the goods only, and merely to give him the option, if he thought fit, to insist upon his receiving freight abroad, before he should make delivery of the goods; and that he had a right to waive the benefit of that provision in his favor, and to deliver, without first receiving payment, and was not precluded, by such delivery, from afterwards maintaining an action against the consignor. He observes, that the cases he cited, proved that such a clause did not, in general, cast the duty on the captain, at his peril, of obtaining freight from the consignee ; but that if he could not get it from him, he may insist on having it from the consignor. He admits, that the rule might be otherwise, in a case, differently circumstanced; and he lays stress on the fact, that the delivery was to be to the correspondents, factors and agents of the defendant. I should clearly be of opinion, that if it appeared that the goods were not owned by the consignor, and were not shipped on his account, and for his benefit, that the carrier would not be entitled to call on the consignor for freight; and 1 should incline to the opinion, that, in all cases, the captain ought to endeavor to get the freight of the consignee. In the present case, there can be no doubt that the cotton was the property of the defendant when shipped, and that it was consigned to Cropper, Benson, fy Co. to be sold on the defendant’s account; for he exhibited Cropper, Benson, &/■ Co.’s account, *196 *by which it appeared, that the defendant was charged with the freight and primage, which bad been deducted from the proceeds of the cotton, and the balance had been paid to the defendant. It is evident, however, that Cropper, Benson, &f never pa¡¿ tjle freight, on being required by the captain to do so, after the delivery of the cotton, but declined to pay it, on the ground, that they had an open account with Thomas R. Hazard &f Co., of Liverpool. As this case stands, we think the decisions referred to in 13 East are in point; and whilst we feel that, on a commercial question, they are entitled to high respect, there is a peculiar fitness that the general rules regulating commercial negotiations should be uniform, where no principles of law stand in the way; and we think there are none in the present case.
The rate of interest ought to be five per cent.; for the contract was to be executed in England, and the plaintiff had a right to demand and insist on payment there.
Judgment for the plaintiff accordingly.