JONAH HOLT AND ALS. *versus* JOSEPH WESTCOTT AND ALS.

In all cases where goods are shipped by a consignor under a contract or for his benefit he is originally liable for freight.

The insertion in a bill of lading of a provision that the goods are to be delivered to the consignee, "he or they paying freight," will not necessarily relieve the consignor from liability. If he were the owner of the goods, he may, notwithstanding, be liable.

REPORTED by HATHAWAY, J.

The facts contained in the report appear clearly in the opinion of the court.

*B. W. Hinckley,* counsel for the plaintiff.

In Abbott on Shipping, page 414, the author says, " It is often provided in charter parties, that the goods shall be delivered agreeably to bills of lading to be signed by the master; and the master, upon receiving the goods, signs bills of lading for delivery on payment of freight, or words of similar import, giving him a right to refuse to make delivery to the person designated by the bill of lading, without payment of freight. And as it sometimes happened that the master has not insisted upon the exercise of this right, it has been much questioned whether the merchant-charterer was answerable for the freight, and it has been decided that he is answerable."

It would appear that, when the question was first started in Penrose v. Wilks, sitting after Hilary term, 1790, Lord Kenyon was of opinion that he was not answerable, but the case going to the full bench, his opinion was overruled, and the law so settled ever since in England. Tapley v. Martens, 8 T. R., 451; Marsh v. Pedder, 4 Campb., 257; Christie v. Row, 1 Taunt., 300; Domet v. Bickford, 5 B. and Ald., 521; Shepard v. DeBernales, 13 East., 565; Strong v. Hart, 6 B. and C., 160.

In Shepard v. DeBernales, Lord Ellenborough in delivering the judgment of the court, stated the question to be

whether the clause in the bill of lading was introduced for the consignor's security, in which case the master would have no right to deliver to the consignee without first receiving the freight; or whether it was introduced for the master's benefit only, and merely to give him the option, if he should think to insist upon receiving the freight abroad, before he would deliver the goods, in which case he might waive the benefit of this provision in his favor, and might deliver them without first receiving payment, and would not be thereby precluded from having resort to the consignor afterwards; and the court held the latter to be the true construction of the contract.

Such is the law in England. This question has been before the courts in several of the states, and has been decided in the same manner as in the English courts.

In New York was the case of Baker v. Havens, 17 Johns., 234. A shipped goods on board of B's vessel, to be carried from C to D, and there delivered to E, the consignee, he "paying freight for the same, with primage and average accustomed," according to the bill of lading, signed by the master. The master delivered the goods to the consignee without demanding the freight, which was afterwards refused. Held that B might maintain an action for the freight against A.

In South Carolina it was held that "a consignor is liable to the carrier for the freight; he is not the less liable because the consignee is also liable." Howard v. Middleton, 3 McCord, 121.

In Kentucky it was held that "a person freighting goods may waive his lien on the goods, and resort to his action." Shortzell v. Hart, 2 A. K. Marshall, 191.

In North Carolina it was held that "Where goods were shipped on board of a vessel for freight, the master of the vessel on his arrival at the port of delivery, has a right to retain the goods until the freight is paid by the consignee; but if he delivers the goods to the consignee without receiving the freight, the shipper of the goods, if he is also the

Holt and als. *v.* Westcott and als.

owner, and the consignee merely his agent, is liable for the freight, notwithstanding the clause in the bill of lading, " to be delivered to the consignee or his assigns, he or they paying freight for the same." Spencer v. White, 1 Iredell, 236.

Judge Story, in his treatise on Bailments, sec. 589, uses this language in respect to this subject. The consignor or shipper is ordinarily bound to the carrier for the bill or freight of the goods. But whenever the consignee engages to pay it, he also may become responsible. It is usual for bills of lading to state that the goods are to be delivered to the consignee, or to his assigns, he or they paying freight; in which case the consignee and his assigns, by accepting the goods, become by implication bound to pay the freight. And the fact that the consignor is also liable to pay freight, will not in such case make any difference.

The shipper is *prima facie* liable for the freight. To exonerate him, there must be something in the contract expressly to that effect. Moore v. Wilson, 1 T. R., 639 ; Dougal v. Kimball, 3 Bing. R., 383 ; Moorsom v. Kymer, 2 M. & Sel., 303, and cases before cited.

The plaintiffs having shown the shipment on the part of the defendants, the burden of proof was on them to avoid their liability, and therefore the nonsuit was not warranted.

Some of the authorities would seem to imply that where the goods were the property of the consignee, the consignor might not be liable, as where he was merely an agent. But the current of authorities do not allow of this distinction, for if he would protect himself from liability, he could ship them in the name of his principle, as well as consign them to him. However this may be, the inference from the testimony is, that Wescott & Co. were the owners of the cargo; that it was shipped for their benefit, and to fill their contract, and therefore they were liable.

*T. Robinson*, counsel for the defendants.

RICE, J. The question presented by this report is whether in a case where a ship owner, by charter party, contracts

with a shipper to carry a cargo at a stipulated price, and subsequently signs a bill of lading, in which he stipulates to deliver such cargo to the consignee of the shipper, or his assignee, in good order, &c., dangers of the sea only excepted, *he or they paying freight,* at the rate stipulated in the charter party, the owner is thereby bound to look only to the consignee for his freight, and is concluded from demanding it from the shipper, in case he shall fail to collect it of the consignee.

It is often provided in charter parties, that the goods shall be delivered agreeable to bills of lading, to be signed by the master; and the master, upon receiving the goods, signs bills of lading, agreeing to deliver them on the payment of freight, or with words of similar import, giving him a right to refuse to make delivery to the person designated by the bill of lading, without payment of freight. And as it has sometimes happened that the master has not insisted upon the exercise of this right, it has been much questioned whether the merchant charterer was answerable for the freight; and it has been determined that he is answerable. Abbott on Ship., 141.

It was once held that if the master parted with the goods to the consignee without securing his freight he was deprived of all recourse to the consignor; but it is now decided otherwise. If the master cannot recover the freight from the consignee to whom he has delivered the goods without receiving the freight, he still has his remedy over on the charter party against the shipper, and the condition precedent to the delivery inserted in the bill of lading was intended only for the master's benefit. 3 Kent's Com., 4th ed., 222.

Such is the settled law in England, though at one time Lord Kenyon, at *Nisi Prius,* ruled differently. The case was, however, carried to the King's Bench, and the ruling of Lord Kenyon overruled by the full bench, and subsequently, in the case of Shepard v. DeBernales, 13 East., 565, the question was again before the King's Bench, and the

English authorities fully reviewed by Lord Ellenborough, and the decision was that the provision "he or they paying the freight" usually inserted in bills of lading, was for the benefit of the master or owners, which provision they might waive if they saw fit and fall back upon the consignor for payment.

In Barker v. Stevens, 17 Johns., 234, the same rule is adopted. In giving the opinion of the court, Spencer, C. J., remarked, that the effect of the clause "he or they paying freight," has been repeatedly before the English Courts, and the decision has been uniform in both the King's Bench and Common Pleas. But, he continues, quoting the language of Lord Ellenborough, I should be clearly of the opinion, that if it appeared that the goods were not owned by the consignor, and were not shipped on his account and for his benefit, the carrier would not be entitled to call on the consignor for freight; and I should be inclined to the opinion that in all cases the captain ought to endeavor to get the freight of the consignee.

Parsons, in his recent work on Mercantile Law, 352, thus states the rule : " If the bill of lading requires delivery to the consignee or his assignees, ' he or they paying freight,' which is usual, and the master delivers the goods without receiving freight, which the consignee fails to pay, the master or owner cannot, in the absence of an express contract, fall back on the consignor and make him liable unless he can show that the consignor actually owned the goods; in which case the bill of lading, in this respect, is nothing more than an order by a principal upon an agent to pay money due from the principal."

In Spencer v. White, 1 Iredell, 236, the defendant shipped on board a vessel belonging to the plaintiff, then lying at Elizabeth City, a cargo of corn, for which the captain signed bills of lading, that the cargo was to be delivered to John Williams, at Charleston, in South Carolina, or to his assigns, " he or they paying freight for the same." The consignee received the cargo and paid the freight, except the sum of

one hundred dollars, and for that balance the action was brought.

The hundred dollars was withheld on account of the damaged state of the corn. At the trial the defendants contended that it was the duty of the plaintiff to have collected the freight of the consignee, and also that the corn was damaged by· the negligence of the plaintiff. The evidence showed, however, that the damage was occasioned by the dangers of the sea, and the court held the plaintiff was entitled to recover, and was not obliged to look solely to the consignee.

The same doctrine was held in Howard v. Middleton, 3 McCord, 121.

· Grant and al. v. Wood, 1 Zabrisker, 292, was an action by the owners against the consignor of a quantity of lumber for a balance due for freight, the consignee having paid in part only. There was no charter party; but a bill of lading with the usual clause as to payment of freight by the consignee. The claim was resisted by the consignee, who was the owner of the lumber, on the ground that the consignee alone was liable, after the delivery of the lumber. The court, however, after a careful examination of the authorities, held the defendant to be liable; and that the fact that the consignee had also made himself liable by a reception of the lumber, did not relieve the consignor from his original liability; that the right of the master to retain the goods until freight is paid is an dditional security for his benefit.

The same rule prevailed in Domet v. Bickford, 5 B. & Ald., 521.

Kent, C. J., in announcing the opinion of the court in Griswold v. N. Y. Ins. Co., 3 Johns., 322, remarked, that the lien which the ship owner has on the goods conveyed is only an additional security for the freight. This lien is not incompatible with the personal responsibility of the shipper, and does not extinguish it. The consideration for the freight is the carriage of the articles shipped on board, and the state or condition of the articles at the end of the voyage

has nothing to do with the contract. It requires a special agreement to limit the remedy of the carrier for his lien to the goods conveyed.

The cases in which this question has been before the courts in this country and England are numerous, and the circumstances attending those cases, of course, various. Without further citations, we think the general rule deducible from them to be, that in all cases where goods are shipped by a consignor under a contract, or for his benefit, he is originally liable for freight, and that the insertion in a bill of lading of a provision that the goods are to be delivered to the consignee, &c., " he or they paying freight," will not, of itself, relieve him from that liability; that provision being designed for the benefit of the carrier, he may waive it if he choose so to do, and resort to his employer, the consignor, for his freight, unless there is some special stipulation by which that employer is to be exonerated.

*The action must stand for trial.*