# Cincinnati, N. O. & T. P. Ry. Co. *v.* Vredenburgh Saw Mill Company.

## *Assumpsit.*

(Decided June 30, 1915. 69 South. 228.)

1. *Trial; Objections to Evidence.*—Where no objection was inter-posed to the question, the court cannot be put in error for refusing to exclude evidence responsive to the question.

2. *Carriers; Freight; Action for; Issues.*—In an action by a carrier against a shipper for freight where the uncontradicted evidence showed that the carrier endeavored to deliver the car to the con-signee, who positively rejected and refused to receive the shipment, there was no completed delivery of the shipment; to constitute a completed delivery there must be a delivery by the carrier, and an acceptance by the consignee, and the court should not have submitted to the jury the question of delivery to the consignee.

3. *Same; Implied Promise.*—Even if the bill of lading contains no express stipulation binding him to pay, yet the consignor impliedly contracts to pay the freight, since the shipper engaged the services of the carrier on its own account.

4. *Sales; Delivery; Passing Title.*—The presumptive title that passes to the consignee on the delivery of the goods by the consignor to the carrier is prima facie that of owner, but it may be rebutted by show-ing that the consignor remains as owner.

5. *Carriers; Freight; Undisclosed Principal.*—Where a shipper takes a bill of lading in his own name as consignor, and does not at the time disclose his agency or put the carrier on notice that he is acting as agent of another in making the shipment, and is not dealing with the goods on his own account, such shipper impliedly contracts to pay the freight, and the carrier, having no knowledge to the contrary may deal with the consignor as owner of the shipment, and the consignor cannot escape liability for freight, after the refusal of the consignee to accept the shipment, by informing the carrier that he acted as agent in making the shipment.

6. *Principal and Agent; Liability of Agent.*—An agent may be held personally liable on his contract if, at the time of making the con-tract with another, he does not disclose his agency in making the contract.

[Cincinnati, N. O. & T. P. Ry. Co. v. Vredenburgh Saw Mill Co.]

APPEAL from Monroe Law and Equity Court.

Heard before Hon. W. G. McCorvey.

Assumpsit by the Cincinnati, New Orleans & Texas Pacific Railway Company against the Vredenburgh Sawmill Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

It appears that the defendant shipped a car load of lumber to L. W. Radina & Co., at Cincinnati, in the state of Ohio, via the Southern Railway Company to Birmingham and the Alabama Great Southern Railway Company from Birmingham to Chattanooga, and thence by the plaintiff line from Chattanooga to Cincinnati, where it was offered to the consignee, who declined to receive it. It appears further that the freight charges of the two other railways mentioned were paid to them by the plaintiff line, and that the defendant was notified of the failure of the consignee to receive the lumber, and was asked for instructions as to its disposal. The car remained loaded with lumber and in storage for quite awhile, until the storage amounted to $301, a demurrage to $32, which, together with the freight, made a total of $451.23. After due notice the lumber was sold at public outcry to the highest bidder, and brought the sum of $50.94. This suit is for the balance.

PETTUS, FULLER & LAPSLEY, for appellant.

BARNETT & BUGG, for appellee.

PELHAM, P. J.—(1) The first assignment of error relates to the action of the trial court in overruling the motion of the plaintiff (appellant) to exclude the answer of the witness J. M. Arnold, whose deposition was introduced in evidence, to a question propounded to him on cross-examination by the defendant, which an-

swer is as follows: "The placing of the car on the private siding of L. W. Radina & Co. constituted a delivery by the Cincinnati, New Orleans & Texas Pacific Railway Company."

(2) No objection was made to the question eliciting this answer, and, as the answer was responsive to the question, the ruling of the court in refusing to exclude the testimony was free from error.—*Kirk v. State*, 10 Ala. App. 216, 65 South. 195. It is insisted by appellant in this connection, however, that, as the answer of the witness states only an opinion or conclusion of the witness, which is directly and irreconcilably opposed to the uncontroverted facts showing that there had not been a completed delivery of the car in question, the statement of this opinion or conclusion of the witness raises no conflict in the evidence with the undisputed facts showing the contrary, that is, that there had not been a completed delivery of the car, the point made being that, as there could be no inference drawn from the undisputed facts testified to that there had been a completed delivery of the car to L. W. Radina & Co. (the consignees under the contract of shipment), the court was in error in submitting the question of a delivery to Radina & Co. to the jury as a predicate for a finding favorable to the defendant on the plaintiff's cause of action for freight and demurrage charges.

The facts deposed to by the witnesses show that the plaintiff endeavored to deliver the car, but that the consignee not only did not accept, but positively rejected and refused to receive, the shipment, and there could not, therefore, have been a completed delivery of the shipment, and there was no conflict in the evidence on this point, for, "where a witness states an opinion or conclusion which is irreconcilably opposed to the stated

facts upon which it is founded, the opinion or conclusion is a testimonial nonentity and raises no conflict with the stated facts."—*Hicks v. Burgess*, 185 Ala. 584, 64 South. 290, 292.

The court submitted the question of a delivery having been made to the consignees (Radina & Co.) to the jury, and in the oral charge of the court used this language, to which an exception was reserved by the plaintiff: "If you believe from the evidence in this case that this lumber was delivered to L. W. Radina & Co.. this defendant is not liable."

We think the court was in error in so instructing the jury when no fact had been testified to by any witness affording an inference that there had been a delivery and acceptance—a completed delivery of the shipment to Radina & Co., the consignee.

(3) The appellee was neither the owner nor the consignee of the shipment, but was the shipper or consignor, and, while the bill of lading contained no express stipulation on the part of the consignor to pay the freight, there was an implied contract that it would, as the shipper who had on its own account engaged the services of the plaintiff as a carrier, pay the legally established transportation charges if the consignee should refuse to accept the shipment and pay the lawful charges.—6 Cyc. 500, § 5, and authorities cited in note 1. Otherwise there would be no way in those cases where the consignee rightfully refuses to accept the shipment and is not responsible for the charges of carriage to enforce the statutes requiring common carriers under stipulated penalty in case of failure to exact and collect lawful published and established rates and charges.

(4, 5) In this case it is contended that, as the shipper or consignor was not the owner of the goods (lum-

ber) shipped, but was acting only as the agent of the consignee, or a third party, in engaging the services of the carrier, the carrier cannot recover of it the freight charges. Under the facts shown the shipper did not disclose its agency to the carrier at the time of making the shipment, but, on the contrary, took a bill of lading in its own name as consignor, as having shipped the lumber on its own account. There were no facts or circumstances connected with the shipment at the time the shipper delivered the goods to the carrier putting the carrier on notice that the consignor was acting as the agent of another in making the shipment, and was dealing with it on its own account, or as the owner of the goods, at or before the time of their delivery for carriage. The shipper took a bill of lading and made the shipment in its own name as consignor on its own account, and, in the absence of knowledge or notice to the contrary, the carrier had a right to presume at the time of receiving the shipment and issuing the bill of lading to the shipper as consignor that it was dealing on its own account in its own right, or as the owner of the shipment, although the title, of course, presumptively would eo instanti pass to the consignee upon delivery of the goods to the carrier. This presumptive title, however, that arises after or upon the delivery of the shipment is only prima facie, and may be rebutted by facts showing the consignor to be the owner.—*Southern Railway Co. v. Proctor*, 3 Ala. App. 413, 57 South. 513. Where, as here, the carrier receives the shipment from the consignor without knowledge or notice that he or it is acting as the agent of another, it will be held that the carrier received the shipment on the faith of an implied promise on the part of the consignor to pay the lawful freight charges in the event

the consignee refuses to accept the shipment and pay the charges, and the consignor cannot escape liability therefor by subsequently informing the carrier, after the consignee has refused to accept the shipment, that he was not acting in his own behalf and on his own account, but was acting as the agent, or in behalf of another in making the shipment; in other words, the consignor cannot change or escape his liability as such after entering into the contract of shipment, and dealing with the carrier as the consignor, by notifying the carrier after his shipment has been carried to its destination and rejected by the consignee that he was acting merely as the agent of the true consignor, when that fact was not previously disclosed in the transaction.

(6) It is a familiar principle of law that an agent, who, at the time of entering into a contract with another, does not disclose the fact that he is an agent or acting as such in making the contract, may be held to a personal liability on the contract.—*Wood v. Brewer,* 73 Ala. 259; *Bell v. Teague,* 85 Ala. 211, 3 South. 861; *Brent v. Miller,* 81 Ala. 309, 8 South. 219; *Dexter v. Ohlander,* 93 Ala. 446, 9 South. 361.

The rulings of the trial court made the basis of assignments of error are not in harmony with what we have said, and the rule we have announced as a guide to the court on another trial of the case.

The judgment appealed from is reversed, and the cause remanded for trial in accordance with our holding as hereinabove expressed.

Reversed and remanded.