## ST. LOUIS-SAN FRANCISCO RY. CO. v. REPUBLIC BOX CO.

(District Court, S. D. Texas, at Houston. April 22, 1926.)

No. 678.

1. Carriers ⬅189—Courts will not literally enforce legal tariff so as to insure uniformity in charges for transportation, where individual circumstances of case make it certain that invocation of principle that legal tariff is only legal rate is absurdity.

Though instances of individual hardship will not change policy that legal tariff applicable between points of delivery is only legal rate, and neither estoppel nor agreement can change rule, courts will not literally enforce rates, where individual circumstances make it certain that invocation of principle is an absurdity.

2. Carriers ⬅194.

Shipper at time of shipping may protect himself against liability by providing that consignee or owner pay the freight.

3. Carriers ⬅194—Court may hold that shipper is not liable at all, or only secondarily, to consignee, in event of failure to recover against consignee, where it is shown railroad has looked to consignee, and not shipper, for payment of freight.

In any case warranting court in finding that railroad has looked to consignee, and not shipper, for payment of freight, it is competent for court to hold either that shipper is not liable at all, or is liable only secondarily and in event of adequate proof that proper steps have been taken against consignee in vain.

4. Carriers ⬅194—Shipper is not liable for difference between rate charged and legal rate, where bill of lading provided freight should be collected from either owner or consignee, and carrier had collected from consignee on delivery.

Where bill of lading provided that owner or consignee should pay freight, and railroad company had on delivery collected freight from consignee, shipper is not liable to railroad company for difference between rate charged and higher legal rate.

5. Carriers ⬅188—Carrier may not recover undercharge, where shipper had designated route, and rate and shipment was made over different route charging higher rate (Interstate Commerce Commission ruling No. 474).

Under Interstate Commerce Commission ruling, No. 474, carrier may not recover undercharge, where shipper had designated route and rate, and shipment had been made over route charging higher rate than that designated.

At Law. Action by the St. Louis-San Francisco Railway Company against the Republic Box Company. Judgment for defendant.

Andrews, Streetman, Logue & Mobley, of Houston, Tex., for plaintiff.

Boyles, Brown & Scott and Pat Fahey, all of Houston, Tex., for defendant.

HUTCHESON, District Judge. Republic Box Company, defendant herein, delivered to the Gulf, Colorado & Santa Fé Railway Company, for shipment to East St. Louis, certain cars of material on bills of lading declaring the railroad company the shipper, and the East Side Packing Company the consignee. There is no testimony as to the ownership of the freight. The case was submitted on an agreed statement of facts, the material portions of which are that the defendant Republic Box Company gave instructions to W. S. Clark, joint agent of the Gulf Coast Lines and the Gulf, Colorado & Santa Fé Railway Company, in charge of the freight office of said companies, with general authority to control the routing of such shipments, to "ship cars over the Gulf, Colorado & Santa Fé Railway Company at a rate of 32½ cents," the shipper directing both rate and route.

At that time the legal rate upon such shipments over the Gulf Coast Lines was 32½ cents per 100 pounds; whereas, the Gulf, Colorado & Santa Fé had no through rate, and the legal rate which the shipment took on the Santa Fé lines was 32½ cents from Houston to Dallas, and 32½ cents from Dallas to destination. The plaintiff railroad company is no part of the Gulf Coast Lines, and has no connection with that railroad. When the shipment reached East St. Louis, the plaintiff railway company delivered the shipment to the consignee named in the bill of lading, and collected a freight charge at the rate of 32½ cents per hundredweight.

Had the shipment moved over the Gulf Coast Lines, the rate applied was proper, and the amount collected was sufficient. Moving, as it did, over the Santa Fé, the rate collected was an undercharge to the extent claimed by the plaintiff. The question for decision is whether the facts and circumstances authorize the plaintiff to recover this undercharge from the defendant.

The defendant opposes this recovery on the following grounds: (1) That the facts show that the shipment was made upon the understanding that the consignee, and not the shipper, was to pay the freight. (2) That

the plaintiff railway was not a party to the contract, and that no privity exists between it and the defendant. (3) That the defendant, when it placed the shipment with the joint agent, gave instructions concerning both route and rate, and that under the rule of the Interstate Commerce Commission it is not liable for the undercharge.

Upon the first point, that the primary obligation was on the consignee, the defendant relies upon section 8 of the bill of lading, "The owner or consignee shall pay the freight and all lawful charges accruing on said property, and if required, shall pay the same before delivery," and upon the fact that the plaintiff elected to accept the liability of the consignee in lieu of the shipper, and evidenced that election by delivering the freight and collecting from the consignee, and that, if any undercharge exists, it should be collected from the consignee, and not the defendant, as the primary obligor; and upon the third point, that the plaintiff cannot recover because of Interstate Commerce Commission ruling No. 474, defendant quotes the rule as follows: "The obligation lawfully rests upon the carrier's agent to refrain from executing a bill of lading which contains provisions that cannot lawfully be complied with, or provisions which are contradictory and therefore impossible of execution. When, therefore, the rate and the route are both given in the shipping instructions, and the rate given does not apply by the designated route, it is the duty of the carrier's agent to ascertain from the shipper whether the rate or the route given in the shipping instructions shall be followed. The carrier will be held responsible for any damages which may result from the failure of its agent to follow this course."

Plaintiff insists upon the general principle that the legal tariff applicable between the points of travel is the only legal rate, and that, it being stipulated that the only legal rate for the route over which the shipment moved was that upon which it sued, a recovery must follow. The matter cannot be so easily disposed of in plaintiff's favor.

[1] It is true that instances of individual hardship cannot change the policy which Congress has embodied in the statute, in order to insure uniformity in charges for transportation (Pittsburgh, etc., R. Co. v. Fink, 40 S. Ct. 27, 250 U. S. 582, 63 L. Ed. 1151), and neither estoppel nor agreement can change this rule (Id.). But it is also true that courts will not literally enforce rates where the individual circumstances of the particular case make it certain that the invocation of the principle is an absurdity; for, while it must be admitted that the theory of uniformity has made it very difficult to do justice in the individual case, the Supreme Court did, in St. Louis S. W. Ry. Co. v. Spring River Stone Co., 35 S. Ct. 456, 236 U. S. 718, 59 L. Ed. 805, find itself able to apply reason in the application of the rule, and in L. & N. R. R. v. Central Iron Co., 44 S. Ct. 441, 265 U. S. 70, 68 L. Ed. 900, announce a rule for the application of the principle which will go far toward relieving shippers of the burdens now unreasonably imposed upon them to know the tariff better than railroad agents do, while compelling railroad companies and their agents to exercise ordinary care and good faith in quoting and applying rates, or to abide the consequences of their failure to so act.

If, as the result of this decision, these questions of undercharge will be disposed of as they should have been from the beginning, with an eye as much to the practical injustice of the particular case as to the sanctity of the general rule, the business of shipping freight will not be as perilous to the shipper as it has been, and a rule against discrimination designed to protect shippers will not be, as it has been often in the past, a sword to destroy them.

[2] This rule is briefly that a shipper, who does not own the freight, may at the time of shipment protect himself against liability by providing that the consignee or the owner must pay the freight. As said in L. & N. R. R. v. Central Iron Co., 265 U. S. 59, 44 S. Ct. 444, 68 L. Ed. 900: "Under the rule of the Fink Case [250 U. S. 577, 40 S. Ct. 27, 63 L. Ed. 1151], if a shipment is accepted, the consignee becomes liable, as a matter of law, for the full amount of the freight charges, whether they are demanded at the time of the delivery, or not until later. *His liability satisfies the requirements of the Interstate Commerce Act* [Comp. St. § 8563 et seq.]. (Italics mine.)

[3] This being the law, if the facts in any case warrant the court in finding that the railroad company has looked to the consignee, and not the shipper, it is competent for the court to hold that the facts establish either that the shipper is not liable at all, or is liable only secondarily and upon a showing by adequate proof that all proper steps have been taken in vain against the consignee. L. & N. R. R. v. Central Iron Co. (C. C. A.) 284 F. 250, affirmed 265 U. S. 59, 44 S. Ct. 441, 68 L. Ed. 900; Yazoo v. Zemurray, 238 F. 789, 151 C. C. A. 639.

[4] Under the principle of those cases, the

facts of this case, as shown by the bill of lading and the particular construction of the parties, make it clear that the defendant in this case is not liable.

[5] In addition, I am of the opinion that, there having been two routes over which the shipment could have moved, and the shipper having designated the route and the rate, the carrier was just as responsible for the loss to the shipper, and just as little entitled to recover the full legal rate from it, as he was held to have been in G. H. & S. A. R. Co. v. Lykes Bros. (D. C.) 294 F. 971, L. & N. R. R. v. Maxwell, 237 U. S. 99, 35 S. Ct. 494, 59 L. Ed. 853, L. R. A. 1915E, 665, and St. Louis S. W. v. Spring River, 236 U. S. 718, 35 S. Ct. 456, 59 L. Ed. 805; and this not only because of the Interstate Commerce Commission ruling invoked, but because of the principles announced in the cases referred to.

For these reasons, the claim for undercharge will be denied.