(123 So. 90)

**MOSS LUMBER CO. v. MICHIGAN CENT. R. CO.** (2 Div. 943.)

Supreme Court of Alabama.   April 25, 1929.

As Modified on Denial of Rehearing June 13, 1929.

Bonner & Miller, of Camden, for appellant.

S. C. Godbold, of Camden, for appellee.

594

FOSTER, J. It will be noted that the agreed statement of facts does not speak of a bill of lading, but refers to appellant as the shipper. In the absence of an agreement to the contrary, it seems to be well settled that the shipper assumes the obligation to pay the freight charges whether the bill of lading so requires or not, and this obligation is ordinarily a primary one, and even though the bill of lading contains a provision imposing liability upon the consignee, "for the shipper is presumably the consignor. The transportation ordered by him is presumably on his own behalf; and a promise by him to pay therefor is inferred (that is, implied in fact), as a promise to pay for goods is implied when one orders them from a dealer." But it may be shown that the shipper was not acting on his own behalf, and that this was known to the carrier, and "that the parties intended not only that the consignee should assume an obligation to pay the freight charges, but that the shipper should not assume any liability whatsoever therefor; or that he should assume only a secondary liability." Louisville & N. R. Co. v. Central Iron & Coal Co., 265 U. S. 59, 44 S. Ct. 441, 68 L. Ed. 900; Faulk & Co. v. Chicago, I. & L. Rwy. Co., 21 Ala. App. 617, 111 So. 196; Id., 215 Ala. 488, 111 So. 199. In the annotations to 49 USCA p. 185 et seq., there are many citations to the effect that, if the shipper is to be relieved, there must be a contract with the carrier to that effect. As pointed out, however, in the Central Iron & Coal Co. Case, supra, and the Faulk Case, supra, such release of liability may be inferred from the facts, if they justify such inference. It is then a question of fact to determine whether the shipper is merely acting as agent for the consignee known to the carrier, and that he assumes no liability for freight.

It is well settled by the foregoing cases, and many others, that though the goods are only to be delivered upon payment by the consignee of the freight charges, the shipper is not relieved on account of a delivery by the carrier of the goods to the consignee without collecting the charges, though credit is voluntarily extended to the consignee. This right to collect from the consignor can only be barred by limitations or contract. Bankruptcy of the consignee does not relieve the shipper. 4 R. C. L. 857; Cleveland, G.,

C. & St. L. Rwy. Co. v. So. Coal & Coke Co., 147 Tenn. 433, 248 S. W. 297; Hutchinson on Carriers (3d Ed.) 900, § 810; Wells Fargo & Co. v. Cuneo (D. C.) 241 F. 727; Western & A. R. Co. v. Legg, 32 Ga. App. 368, 123 S. E. 31; Cent. of Ga. R. Co. v. O'Neill Mfg. Co., 19 Ga. App. 490, 91 S. E. 877; Seaboard A. L. Rwy. Co. v. Luke, 19 Ga. App. 100, 90 S. E. 1041; Seaboard A. L. Rwy. Co. v. Montgomery, 28 Ga. App. 639, 112 S. E. 652; Gulf, M. & N. R. Co. v. Riverside Brick & Mfg. Co., 141 Miss. 505, 107 So. 193; New York Cent. R. Co. v. Warren Ross Lbr. Co., 234 N. Y. 261, 137 N. E. 324, 24 A. L. R. 1160; Chicago Junc. Rwy. Co. v. Duluth Log Co., 161 Minn. 466, 202 N. W. 24. The authorities to this effect are too numerous to note them all, but a large number of them are collected in 49 USCA p. 186 et seq.

It is the duty of the shipper at the time of shipment to disclose to the carrier that he is acting for another in making the shipment, if such be the fact. If he does not, he cannot escape liability for freight unless his contract with the carrier has that effect. Cincinnati, N. O. & T. P. Rwy. Co. v. Vredenburgh Saw Mill Co., 13 Ala. App. 442, 69 So. 228, and authorities supra.

The fact that the consignee is liable when he accepts the shipment is no reason why the presumed liability of the consignor is extinguished. It is well settled that the "carrier and shipper were left free to contract, subject to the rule which prohibits discrimination. * * * Where the payment is deferred, the contract may provide · that the shipper agrees absolutely to pay the charges; or it may provide merely that he shall pay if the consignee does not pay the charges demanded upon delivery of the goods. Or the carrier may accept the goods for shipment solely on account of the consignee; and, knowing that the shipper is acting merely as agent for the consignee, may contract that only the latter shall be liable for the freight charges. Or both the shipper and the consignee may be made liable. Nor does delivery of goods to a carrier necessarily import, under the general law, an absolute promise by the shipper to pay the freight charges. * * * Ordinarily, the person from whom the goods are received for shipment assumes the obligation to pay the freight charges, * * * even" when the bill of lading imposes "liability upon the consignee." "Nor could any act or omission of the carrier (except the running of the statute of limitations) estop or preclude it from enforcing payment of the full amount by a person liable therefor." Louisville & N. R. Co. v. Central Iron & Coal Co., supra.

In the more recent case of Louisville & N. R. Co. v. Sloss-Sheffield Steel & Iron Co., 269 U. S. 217, 238, 46 S. Ct. 73, 80, 70 L. Ed. 242, 252, it is pointed out that when the goods are shipped f. o. b. destination, the published rate is a part of the seller's cost

of production, and refers to the Central Iron Co. Case, supra, as holding that the burden of such rate rests upon the consignor, both under the bill of lading, as well as under the contract of sale, and, further, that "the purchaser who paid the freight did so solely as agent for the seller."

The fact as set out in the agreed facts on this appeal that there was a. custom known to the carrier that "the freight on such shipments of lumber [were] to be paid by the consignee and for such freight charges to be deducted in paying the shipper for said lumber," given full effect, only means that the shipper is to deliver the shipment f. o. b. destination, and that the purchaser is the agent of the shipper in paying the charges. Under such circumstances, instead of the shipper being the agent of the purchaser, the reverse is true. This is the logical result of the situation and of the holding in Sloss-Sheffield S. & I. Co. Case, supra, and in our case of Cent. of Ga. Rwy. Co. v. So. Ferro. Concrete Co., 193 Ala. 108, 68 So. 891, Ann. Cas. 1916E, 376 (not overruled on that point in Nashville, C. & St. L. R. Co. v. Gilliam, 212 Ala. 120, 101 So. 889).

We think that there is no contract expressed or implied or to be inferred from the agreed facts that the shipper should be relieved of his prima facie obligation to pay the freight, if it is not collected from the consignee, and (based on the authorities cited) that the carrier is not precluded from collecting it from the shipper by reason of a delivery to the consignee without collecting from it.

Our conclusion therefore is that the writ should issue to the Court of Appeals, and its judgment be reversed.

Writ awarded.

All the Justices concur.