**DAVIS, Director General of Railroads, v. DUCOTE.***

No. 4354.

Court of Appeal of Louisiana. Second Circuit.

Feb. 6, 1933.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, and Peterman, Dear & Peterman, of Alexandria, for appellant.

Couvillon & Couvillon, of Marksville, for appellee.

DREW, J.

Defendant, a merchant in Cottonport, La., bought of Shofstall Hay & Grain Company at Kansas City, Mo., a car of hay at the price of $581.40 delivered f. o. b. Cottonport, La. The purchase was made in January, 1919. The car was shipped "shipper's order notify L. A. Ducote," the defendant. The price of $581.40 made by the grain company included the freight charges amounting to $279.36, which amount defendant was authorized to deduct from the draft sent to the bank with the bill of lading and to use to pay freight on the car.

When the car arrived at destination, defendant paid the bank the amount of the draft less the freight charges of $279.36, and secured the bill of lading. On presenting it to the agent of the railway company at Cottonport, he was informed the freight was only $177.44, plus $2 reconsignment charges, plus $8.30 war tax. Defendant paid the amount claimed by the agent and retained the balance he had deducted for freight. When unloading the car, he found that the original car had been wrecked and the hay transferred to another car, and in so doing many bales had been broken and damaged. He also discovered a decrease in the weight of the hay, and, due to the long delay from the time of purchase until the shipment arrived, that the price had materially declined. He immediately notified the seller that he had in his possession the difference between the freight paid and the amount he had deducted for freight, which he recognized to belong to the seller, the shipper.

Defendant made his claim for the damage and depletion of price, which was readily recognized by the shipper, and he was authorized by him to deduct the damage which had been agreed upon and to send to it (the shipper) the remainder. This was done, and defendant sent to the seller, the shipper, the difference which amounted to $43.87, on March 11, 1919.

The railway company's agent at Cottonport, in arriving at the amount of freight due, made an error of $103.18 against the railway company, and on June 12, 1923, the Director General of Railroads instituted this suit against defendant to recover for this undercharge.

The defense is set out in articles 5 and 6 of defendant's answer as follows:

"Now your respondent shows that the amount claimed from your respondent appears from plaintiff's allegations to have resulted from an error of the plaintiff compa-

*Application for rehearing dismissed March 10, 1933.

ny's agent at Cottonport, Louisiana, in calculating a less amount of freight than was actually due according to the tariff rates, and respondent avers that if the said plaintiff be given a judgment for the difference resulting from the mistake or error of said agent, then this respondent will suffer in a like amount, in this, that your respondent purchased the said hay from Shofstall Hay & Grain Company, Incorporated, of Kansas City, Missouri, at a price delivered f. o. b. Cottonport, Louisiana, and that the shipment of said hay when placed on board cars belonged to and was the property of Shofstall Hay & Grain Co., Inc., and not that of respondent, to the knowledge of the official at point of origin, and that the reason for your respondent having paid the freight at the destination or delivering point, was merely for the convenience of said Shofstall Hay & Grain Company, which your respondent was to retain, and did retain, upon the remittance for the entire price.

"Your respondent shows that he had bought the said hay for the purpose of resale, he being in the general merchandise and feed business, and that in making the price to his customers for the said hay he only figured the freight according to what he had paid to the railroad agent and a very small profit; that if he were called upon and made to pay the said claim by the present plaintiff it would not only absorb the profits which he had made upon said hay, but would cause him to disburse money and therefore a loss, and he therefore claims and avers that under the circumstances the loss should be borne by the plaintiff by whose fault it happened, and not by him who was in perfect good faith and innocent of any wrongdoing. Your respondent shows that had the correct amount been claimed at the time of the delivery of said hay to him, he would have paid it as readily as he paid the amount demanded, and would have been guided accordingly in fixing the price of his hay to his customers, so as not to have a loss as would result now if he were made to pay this undercharge and thereby suffer loss, of which is not in the least responsible but which is entirely the fault of the agent of plaintiff company."

The shipment originally originated at Trout, Idaho, and was consigned by Northwestern Brokerage Company to itself, "shipper's order notify" at Kansas City. After the car reached Kansas City, it was diverted by Shofstall Hay & Grain Company to Cottonport, La., "shipper's order notify" L. A. Ducote, the defendant herein. The bill of lading and draft attached, from Shofstall Hay & Grain Company, was sent to a bank in Cottonport, where it was received by defendant upon paying the draft less the freight. The correct amount due for freight from Kansas City to Cottonport was less than the amount paid by defendant. It was only $108.76. The remainder of the amount claimed was for freight from Trout, Idaho, to Kansas City. We think this fact immaterial to a decision of this case, however, for it is clear that the car of hay was purchased and shipped f. o. b. destination, and that the trade was that the amount of freight should be deducted from the draft which covered the price of the hay plus freight, and, with this deduction, the freight was to be paid. Therefore, when the defendant paid the freight, he was acting as an agent of the shipper, who was primarily bound for the freight charges, and, if plaintiff has a right of action, it is against the principal and not the agent. Revised Civil Code, arts. 3012 and 3013; Louisville & N. Ry. Co. v. Sloss-Sheffield Steel & Iron Co., 269 U. S. 217, 46 S. Ct. 73, 70 L. Ed. 242, and the numerous decisions cited therein; Moss Lbr. Co. v. Michigan Cent. R. Co., 219 Ala. 593, 123 So. 90.

The above-cited cases are absolutely decisive of this case, and under a similar state of facts hold that defendant was acting as agent for the shipper in paying the freight, and under the articles of the Revised Civil Code above cited it is clear that the agent cannot be sued in such an instance.

The lower court rejected the demands of plaintiff, and the judgment is correct, and it is therefore affirmed, with costs.