## MISSOURI–PACIFIC R. CO. et al. v. SORRELL.

### No. 1825.

District Court, W. D. Texas, San Antonio Division.

Nov. 29, 1937.

F. C. Davis and Eskridge & Groce, all of San Antonio, Tex., for plaintiffs.

Hubbard, Dyer & Sorrell, of Corpus Christi, Tex., for defendant.

McMILLAN, District Judge.

In this case, plaintiffs sue defendant for a balance of freight charges alleged to be due upon a refused interstate shipment.

The facts with regard to the actual shipment, the refusal at destination by the diversion consignee, the forced sale, deficiency in amount, and the freight charges now due by some one, are not only undisputed but stipulated.

Defendant defends upon the ground that he was not the owner of the shipment, but simply the agent for the owner; that the true owner was disclosed to plaintiffs' agent; and that an oral agreement existed between defendant and plaintiffs' agent that he should not be liable for the freight. In response to this, plaintiffs produce and insist upon their bill of lading, signed by defendant and their agent, and assert that the defendant's defense is an attempt to vary, by parol, the terms of the written contract.

The bill of lading contains, among many others, the following provisions:

"Sec. 7. The owner or consignee shall pay the freight and *average*, if any, and all other lawful charges accruing on said property; but, except in those instances where it may lawfully be authorized to do so, no carrier by railroad shall deliver or relinquish possession at destination of the property covered by this bill of lading until all tariff rates and charges thereon have been paid. *The consignor shall be liable for the freight and all other lawful charges,* except that if the consignor stipulates, by signature, in the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier, contrary to such stipulation, shall make delivery without requiring such payment, the consignor (except as hereinafter provided) shall not be liable for such charges. * * *

"Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:

"The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

"――――――――

"(Signature of consignor.)"

These provisions expressly bind the consignor to pay the freight unless he relieves himself partially by signing the second proviso quoted, or entirely by independent written stipulation inserted at the time of the signing of the contract.

In the absence of stipulations to the contrary, the general rule is that the consignor is impliedly liable for the freight charges, even though the bill of lading contains no such provision. It has been held in a number of cases that this implied liability may be avoided by a parol showing of agreements to the contrary. This is true in such cases as Chicago, Rock Island & Gulf Ry. Co. v. Floyd, Tex.Civ.App., 161 S.W. 954; Galveston, H. & S. A. Ry. Co. v. American Salvage & Supply Co., Tex.Civ. App., 15 S.W.2d 25; Louisville & N. R. Co. v. Central Iron & Coal Co., 265 U.S. 59, 44 S.Ct. 441, 68 L.Ed. 900. No case has been cited and the court has found none where liability was escaped by such parol evidence under an express contract to pay of the character involved here. Here, the consignor unqualifiedly agrees in writing that he shall be liable for freight charges unless he stipulates in the space provided for that purpose on the face of the bill of lading against such liability, under certain circumstances. The fact that he was not the owner is immaterial under the contract. That a distinction is made between the owner and the consignor is evidenced by the fact that section 7 provides that the owner or consignee shall pay the freight. It then goes on, in addition, to provide that the consignor shall also be liable. I have no doubt that the consignor could have avoided liability in toto by inserting such a provision in the written bill of lading at the time it was signed. In the absence of such action, I do not think that resort can be had to prior or contemporaneous parol negotiations or agreements to vary the terms of the written contract. That a bill of lading is a written contract falling under this rule is demonstrated by such cases as Wells, Fargo & Co.'s Express v. Fuller, 4 Tex.Civ. App. 213, 23 S.W. 412, 413, Galveston, H. & S. A. Ry. Co. v. Silegman, Tex.Civ.App., 23 S.W. 298, and many others unnecessary to cite.

Great reliance is placed by the defendant upon the case of Louisville & N. R. Co. v. Central Iron & Coal Company, 265 U.S. 59, 44 S.Ct. 441, 443, 68 L.Ed. 900. There, the Supreme Court recognizes the foregoing propositions as follows: "To ascertain what contract was entered into we look primarily to the bills of lading, bearing in mind that the instrument serves both as a receipt and as a contract."

It then goes on to say: "Ordinarily, the person from whom the goods are received for shipment assumes the obligation to pay the freight charges; * * * and a promise by him to pay therefor is inferred. * * * But this inference may be rebutted, as in the case of other contracts. * * * In this case, the bills of lading acknowledge receipt of the coke from the Central Company. But it did not sign them. Nor was it described therein as the consignor. *There was no clause by which the shipper agrees expressly either to pay the freight charges or to guarantee their payment.* * * * On these facts, the trial court was justified in finding that the Central Company did not assume the primary obligation to pay the freight charges."

In the footnote under No. 7, the court says:

"In most of the cases in the state courts and the lower federal courts, relied upon by the carrier, either the facts on which the shipper was held liable differed materially from those of the case at bar, or, because of the manner in which it was presented, the question of law was different.

"In Chicago, Indianapolis & Louisville Ry. Co. v. Peterson, 168 Wis. 193, 169 N. W. 558, the bill of lading contained an express agreement that the charges were guaranteed by the shipper."

It is obvious from these skeleton quotations taken from the decision of the Supreme Court that this Central Iron Company case is no authority for the defendant, but rather lies against him. The inference is inescapable that the decision went the way it did because the bill of lading contained no express provision on the part of the shipper to pay. His implied liability could be defeated by a parol showing to the contrary. An express written liability, evidenced by a signed contract, however, could not have been so avoided.

In investigating the matter, the court has encountered and read the two decisions by Judge Hutcheson, while sitting on the District Bench, St. Louis-San Francisco Ry. Co. v. Republic Box Company, D.C., 12 F. 2d 441, and Houston & T. C. Ry. Co. v. Lee County Produce Company, D.C., 14 F.2d 145. Neither of those cases involved the question presented here. In both cases, the bill of lading provided that the owner or consignee should pay the freight. There was no express provision, as there is here, that the consignor should be liable for it. The attempt in the first case was to hold the shipper upon his implied liability. The attempt in the second case was to hold the original consignee after the railroad company, with full knowledge, had permitted diversion of the shipment to another consignee who was the actual purchaser.

To hold that the express provisions of the bill of lading signed by the respective parties can, in the absence of a showing of fraud, be varied by evidence of prior or contemporaneous parol agreements would be to open the door to all of the attendant evils which the original parol evidence rule was intended to avoid. The hardship that may occasionally fall upon an individual shipper by reason of the enforcement of this rule will in no way offset the evil that would result from the complete relaxation of it asked by the defendant in this case. It is perfectly obvious under the decisions that the consignor or shipper, at the time of making the shipment, can thoroughly protect himself by incorporating a provision against liability in the written contract. In the present case, the shipper not only signed the bill of lading as consignor, but continued to exercise control over the shipment by giving diversion orders and by making a claim for damages to the shipment in his own name. Under these circumstances and in view of the written contract evidenced by the bill of lading, he cannot avoid his undertaking to pay the freight.

Judgment will be entered for the plaintiffs as prayed for.

All italics mine.