## GRAVES v. NASHVILLE, CHATTANOOGA & ST. LOUIS RY. CO.

### No. 10383.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1942.

---

Richard U. Simon, of Fort Worth, Tex., for appellant.

Luther Hudson and Fred Korth, both of Fort Worth, Tex., for appellee.

Before HUTCHESON and McCORD, Circuit Judges, and KENNERLY, District Judge.

McCORD, Circuit Judge.

The appellee railway company recovered judgment for $1,238.03 against Walter Graves, appellant, . for freight undercharges on 45 shipments of live stock from San Antonio, Texas, to Nashville, Tennessee. The shipments were made "freight collect" by Graves, the owner, to commission agents in Nashville. On delivery, the commission agents paid the demanded freight charges, sold the cattle, deducted the freight charges and commission fees, and made settlement with Graves. On appeal no issue is raised as to the validity or amounts of the undercharge claims.

Appellant contends: (1) That the railway company agreed to collect the freight charges from the consignees, that deliveries were made to the consignees upon payment of the demanded freight charges, and that, therefore, he as shipper is not liable for the undercharges; and (2) that as shipper he was liable secondarily, if at all, and that the court erred in rendering judgment against him in the absence of a showing that the railway company had exhausted its remedies against the consignees.

Each of the bills of lading contained a section providing that the consignor was liable for the freight and all other lawful charges, "except that if the consignor stipulates, by signature, in the space provided for that purpose on the face of the contract that the carrier shall not make delivery without requiring such payment, the consignor (except as hereinafter provided) shall not be liable for such charges". Graves did not sign the declaration mentioned in this section, but it is admitted that the charges on the shipments were at his instructions to be "collect". Aside, however, from the contractual provisions in the bills of lading,

and the general and ordinary liability of a consignor to pay correct freight charges, we think it clear that Graves was liable for the undercharges on the 45 shipments here involved. Louisville & N. R. Co. v. Central Iron & Coal Co., 265 U.S. 59, 44 S.Ct. 441, 68 L.Ed. 900; 9 Am.Jur., Carriers, §§ 623, 624; Missouri-Pacific R. Co. v. Sorrell, D.C., 21 F.Supp. 886; Houston & T. C. R. Co. v. Lee County Produce Co., D.C., 14 F.2d 145; St. Louis-San Francisco R. Co. v. Republic Box Co., D.C., 12 F.2d 441. In the case at bar Graves was not only the consignor of the shipments; he was the owner. The consignees were merely commission agents who received the cattle and sold them on his behalf, and the amounts of the freight undercharges were necessarily reflected in the amounts he finally received in settlements with his commission agents. On the facts in this record he was properly held liable for the undercharges.

The judgment is affirmed.