## EAST TEXAS MOTOR FREIGHT LINES v. FRANKLIN COUNTY DISTILLING CO.

### No. 4383.

Court of Civil Appeals of Texas. El Paso.
June 1, 1944.

Rehearing Denied June 15, 1944.

Callaway & Reed and O. D. Montgomery, all of Dallas, for appellant.

Emil Corenbleth, of Dallas, for appellee.

PRICE, Chief Justice.

This is an appeal by East Texas Motor Freight Lines from a portion of a judgment of the Dallas County Court at Law No. 1 denying it a recovery from defendant, Franklin County Distilling Company, in the sum of $281.84, with interest. As plaintiff, East Texas Motor Freight Lines sued K. Taylor Distilling Company, now Franklin County Distilling Company, Brown-Forman Distilling Company, Douglas Guardian Warehouse Corporation, and Progress Wholesale Drug Company, to recover freight charges for three shipments of liquor, one consigned by the Distilling Company to Brown-Forman Company, one by said Distilling Company to the Douglas Guardian Warehouse Corporation, the third to the Progress Wholesale Drug Company. By amendment, the suit was dismissed as to the Progress Wholesale Drug Company on the ground that it was insolvent. The plaintiff was denied a judgment as against the Brown-Forman Distilling Company, and likewise as to the Douglas Guardian Warehouse Corporation. It was allowed a recovery in the sum of $275.70, with interest, against the Franklin County Distilling Company; denied a judgment against this latter Company in the sum of $281.84, which it sought to recover.

The only controversy in this appeal is between East Texas Motor Freight Lines and Franklin County Distilling Company. The former will be designated hereinafter as appellant, and the latter as appellee.

Trial was to the court without a jury. On motion of appellant the court made up and filed findings of fact and conclusions of law. The appeal is before this court on these findings.

We shall confine the discussion of this case to the one shipment of September 19, 1939, which is alone involved in this appeal.

The findings of the trial court are admirable for their clarity and comprehensiveness. It is not claimed by either party that there is not a finding on each issue raised by the pleadings and evidence; there is no finding attacked as unsupported by the evidence. The sole contention of the appellant is that there was error in applying the law to the facts found as to the freight charges for the one shipment.

It was found in substance that the appellant was a common motor carrier of freight engaged in interstate commerce; that in connection with its connecting carriers at Memphis, Tennessee, it transported for appellee 364 cases of liquor from Frankfort, Kentucky, to Dallas, Texas, and delivered same to the Progress Wholesale Drug Company, the consignee; that the lawful freight charges were in the sum of $281.84, and that neither appellee nor consignee had paid such charges. In connection with this shipment appellant issued to appellee a bill of lading, in which Progress Wholesale Drug Company was named as consignee. From the facts found it is fairly inferable that this bill of lading was in accordance with the law and applicable regulations of the Interstate Commerce Commission. Among others, it contained these provisions:

"Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:

" 'The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

————————————————,' "

The consignor did not sign the nonrecourse provision in the bill of lading.

Section 7 of the bill of lading is copied in full in the findings. It is very long, and only the salient provisions thereof need be stated. It provides that the carrier is not to deliver goods to consignee until all freight charges are paid; provides that if consignor so stipulated by signing in the place in the bill for that purpose, the consignor will not be liable for delivering the freight to consignee without exacting payment of freight charges.

In the findings is a copy of the order of the Interstate Commerce Commission authorizing carriers to extend credit to consignee for seven days under certain

prescribed conditions. The findings further reflect that appellant made no proof as to whether or not it extended to the consignee the seven-day credit provided for in the Rules of the Interstate Commerce Commission. In fact it made no showing at all other than it had delivered the liquor to the consignee, it had not been paid for that service, and the consignee was now hopelessly insolvent.

The court's conclusion of law No. 4 as to the liability of appellee for these freight charges is here reproduced: "Despite the fact that K. Taylor Distilling Company did not sign the non-recourse clause in the bill of lading for shipment of 364 cases of alcoholic liquor, I conclude as a matter of law that plaintiff is not entitled to recover for the applicable freight charge of $281.84 against the defendant Franklin County Distilling Company, for the reason that plaintiff failed to make out a prima facie case on said shipment. Plaintiff presented in evidence a bill of lading on said shipment, had evidence as to the correct tariff charges, and showed delivery to the consignee but this was a collect shipment and there was no evidence showing why said collect shipment was delivered to consignee without payment being received therefor. I therefore conclude that plaintiff simply failed to make out a case as to this collect shipment."

Appellee cites as authority sustaining this conclusion of the trial court, Secs. 301 to 327, inclusive, of 49 U.S.C.A. The cited sections regulate motor carriers engaged in interstate commerce. The following portion of Section 323 thereof is relied upon in particular: "No common carrier by motor vehicle shall deliver or relinquish possession at destination of any freight transported by it in interstate or foreign commerce until all tariff rates and charges thereon have been paid, except under such rules and regulations as the Commission may from time to time prescribe to govern the settlement of all such rates and charges, * * *."

■ We think the trial court's conclusion of law No. 4 was erroneous. The consignor of freight under bill of lading, such as is here in question, failing to sign the nonrecourse provision, is liable for the legitimate freight charges on the shipment. This is true, even though the carrier makes delivery in violation of Section 323 of Title 49, U.S.C.A., and violates the Rules of the Commission as to extending credit to the consignee, or fails to show that it complied with the Rules of the Commission relative to the extension of credit to the consignee. Western Maryland Ry. Co. v. Cross, 96 W.Va. 666, 123 S.E. 572; Portland Flouring Mills Co. v. British & F. M. Ins. Co., 9 Cir., 130 F. 860, certiorari denied 195 U.S. 629, 25 S.Ct. 787, 49 L.Ed. 352; New York, N. H. & N. R. Co. v. Tonella, 79 N.H. 464, 111 A. 341; New York, N. H. & N. R. Co. v. California Fruit Growers Exchange, 125 Conn. 241, 5 A.2d 353, certiorari denied 308 U.S. 567, 60 S.Ct. 79, 84 L.Ed. 476; Pennsylvania R. Co. v. Marcelletti, 256 Mich. 411, 240 N.W. 4, 78 A.L.R. 923; Moss Lbr. Co. v. Michigan Central Ry. Co., 219 Ala. 593, 123 So. 90; Missouri-Pacific Ry. Co. v. Sorrell, D.C., 21 F.Supp. 886.

■ Unless the consignor signs the nonrecourse stipulation in the bill of lading he expressly contracts to be liable for the freight. The Federal Statute forbidding delivery without payment of the freight by the consignee is not intended in any way to affect the contract between consignor and carrier. The consignor would have no right to compel the carrier to deliver without payment of the freight by the consignee. By complying with the law, it may relieve itself from liability for the payment of the freight. Should this be done, it is immaterial to consignor whether the carrier does or does not collect from the consignee. The exaction of freight charges from the consignee before delivery is not intended for the benefit of the consignor, but it is made the duty of the carrier for the protection of the carrier.

The judgment, insofar as it denies recovery to appellant for the item discussed, is reversed and judgment is here rendered that appellant recover of and from the defendant the sum of $281.84, with interest thereon at the rate of six per cent per annum from October 1, 1939; otherwise the judgment of the trial court is in no way disturbed.