## ATCHISON, T. & S. F. RY. CO. v. HUNT BROS. FRUIT CO.

District Court, W. D. Missouri, St. Joseph Division.   August 28, 1929.

No. 1059.

Cyrus Crane (of Lathrop, Crane, Reynolds, Sawyer & Mersereau), of Kansas City, Mo., for plaintiff.

John C. Landis, of St. Joseph, Mo., for defendant.

OTIS, District Judge. This case was tried upon an agreed statement of facts. In the first count the plaintiff seeks to recover from the defendant by reason of an under-

charge on freight the amount of $18.56. In the second count plaintiff seeks to recover by reason of an undercharge $18.45. The facts are essentially the same as to the two counts.

One L. A. McNeill purchased from defendant several carloads of apples to be delivered to him at Pauls Valley, Okl. The agreement between McNeill and the defendant was that McNeill should pay the freight charges. Of that agreement the receiving railroad agent (the local agent of the Chicago, Rock Island & Pacific Railway Company at Wathena, Kan.) was advised, and the bills of lading at the times of their delivery to the defendant were so indorsed. Two carloads were shipped. In these shipments the defendant was both consignor and consignee. Bills of lading, indorsed by the defendant, with drafts attached drawn on McNeill, were sent by the defendant to a bank in Pauls Valley, Okl. The drafts were presented to McNeill who paid them, and thereupon received the bills of lading, presented them to the agent for the plaintiff, paid the freight charges then demanded, and received the shipments. As to each of the two shipments involved here, the amount demanded as freight was less than the correct legal and lawful freight charges in the amounts respectively sued for in the first and second counts of plaintiff's petition. When it was discovered that insufficient freight charges had been demanded of McNeill, the plaintiff demanded from him the balance due and he refused to pay such balances. He was then and is now solvent.

The legal question is whether the defendant or McNeill is primarily liable for the amounts conceded to be due.

Unquestionably the defendant as consignor is liable for freight. Such is the general rule (10 C. J. 445), and such was the express provision of the written contract here. See section 7, Contract Terms and Conditions, Bill of Lading. The consignor is liable for the freight because that is his contract. He is *primarily* liable unless it is provided impliedly or expressly in the contract that the railroad shall look first to some other. Certainly there is no *express* provision in this contract that the railroad will look first to the assignee of the bill of lading, and I can find nothing from which such a provision may be implied. There is no *express* provision in this contract that the railroad will look first to any other than the consignor.

There is indeed an implied agreement that the railroad will look first to the "owner or consignee." The language (section 7 of the Contract Conditions) is: "The owner or consignee shall pay the freight. * * * The consignor shall be liable for the freight. * * *" But the defendant here was both consignor and consignee. Until the delivery of the shipments to McNeill the defendant was also owner. Portland Flouring Mills Co. v. Marine Insurance Co. (9 C. C. A.) 130 F. 860, 866; Dows v. National Exchange Bank, 91 U. S. 618, 637, 23 L. Ed. 214. So far then as the written contract is concerned the defendant is not only liable, but as owner, consignor, and consignee is the only party liable. If McNeill is also liable, and I think he is, it is not by the terms of the written contract, to which he was not a party, but by the implied contract between himself and the railroad. Compare Union Pacific Railroad Co. v. American Smelting & Refining Co. (8 C. C. A.) 202 F. 720.

The liability of the defendant, arising from the written contract, and that of McNeill, arising from an implied contract, are independent of each other. Neither is subordinate to the other. Before the defendant can successfully maintain that its liability is subordinate to McNeill's, it must point to something in its contract with the plaintiff so providing. It cannot do that.

Judgment should be for the plaintiff. A form of decree may be submitted for approval and entry.