16 So.2d 796

### PENNSYLVANIA R. CO. v. ADAMS MERCANTILE CO.

4 Div. 328.

Supreme Court of Alabama.

Feb. 24, 1944.

McDowell & McDowell, of Eufaula, for appellant.

Moseley & McIlwain, of Union Springs, for appellee.

BOULDIN, Justice.

Action by common carrier to recover unpaid freight charges. The sole question is the liability of the shipper therefor under the facts of the case.

Adams Mercantile Company, lumbermen of Midway Alabama, received from C. T. Daniel an order in writing dated Clayton, Alabama, for a carload of dressed yellow pine lumber of specified grades, finish, dimensions and quantities; and at stated prices. The order form was filled out: "Shipper—Adams Mercantile Co., Midway, Ala.", "Acknowledge and Invoice to C. T. Daniel Lbr. Co., Clayton, Ala.", "Ship to C. T. Daniel Lumber Co.", "Destination —Toledo, Ohio," "Price F.O.B. Mill."

The order was accepted, and shipment made on bill of lading issued by Central of Georgia Railway, the initial carrier, and delivered to consignee at Toledo, Ohio, by Pennsylvania Railroad Company.

The bill of lading issued by the agent of Central of Georgia at Midway was the "Uniform Domestic Straight Bill of Lading," acknowledged receipt of car of lumber at Midway from Adams Mercantile Company, consigned to C. T. Daniel Lumber Company, Toledo, Ohio, routed "P.R.R." as delivering carrier, and was signed "Adams Merc. Co.," "shipper," and by the local Midway agent. Charges were indorsed "collect."

On the face of the bill was the following stipulation:

"Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:

"The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

"_____

(Signature of Consignor.)"

This stipulation was not signed by the consignor. "Section 7 of conditions" reads: "The Consignor shall be liable for the

270

freight and all other lawful charges, except that if the consignor stipulates, by signature, in the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier, contrary to such stipulations, shall make delivery without requiring such payment the consignor shall not be liable for such charges."

The consignee did not pay the freight charges on delivery, and same remains unpaid.

■ The principles and rules of law applicable to the undisputed facts are these:

1. " 'Consignor' means the person named in the bill as the person from whom the goods have been received for shipment," Bill of Lading Act, Section 122, 49 U.S. C.A.

2. A common carrier is required by law to collect freight charges as per rates fixed by law. Otherwise, the door would be open to discrimination as between shippers.

3. The consignor, the person who calls upon the common carrier for transportation service (a public service which the carrier is required by law to render, and does undertake to render by receiving the goods for shipment), is the person liable for freight charges, unless by contract, authorized by law, he, the consignor, is relieved of such obligation.

4. A bill of lading is a receipt, and also a contract, binding as other contracts upon the parties thereto.

■ Under the contract, Adams Mercantile Company was the consignor as matter of law.

■ The above quoted stipulations in the Uniform Bill of Lading clearly import that upon failing to sign "7", the delivering carrier was not under duty to require prepayment of freight by the consignee before delivery. The consignee was thus relieved of payment of freight before he had opportunity to unload, check and inspect the shipment. In such case, it is now well settled that if the consignee does not voluntarily pay the freight the consignor remains liable therefor. Such is the effect of our decision in Moss Lumber Co. v. Michigan Cent. R. Co., 219 Ala. 593, 123 So. 90, which is in full accord with other late cases. See Pennsylvania R. Co. v. Marcelletti, 256 Mich. 411, 240 N.W. 4, 78 A.L.R. 923. The cases are fully reviewed in annotations following above decision, pp. 926 et seq., and still later annotations in 129 A.L.R. 213 et seq. We refer to these authorities as the law of the case, and as sufficient to differentiate this case from Louisville & N. R. Co. v. Central Iron & Coal Co., 265 U.S. 59, 44 S.Ct. 441, 68 L.Ed. 900.

The plaintiff was due the affirmative charge as requested in writing.

Reversed and remanded.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.