GALLAGHER et al. v. MERRITT–CHAP-MAN & SCOTT CORPORATION et al.

Civ. No. 3424.

United States District Court
N. D. New York.

Sept. 28, 1949.

---

Ferris, Burgess, Hughes & Dorrance, Utica, N. Y., Russell G. Dunmore, Jr., Utica, N. Y., of counsel, for plaintiffs.

Miller, Hubbell & Evans, Utica, N. Y., Leonard W. Burdick, Utica, N. Y., of counsel, for defendant Merritt-Chapman & Scott Corporation.

A. Raymond Cornwall, Watertown, N. Y., for defendant Dexter Sulphite Pulp and Paper Co.

FOLEY, District Judge.

Defendant Merritt-Chapman & Scott Corporation moves to dismiss the complaint herein pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S. C.A. This subdivision gives the option to attack the complaint by motion for failure to state a claim upon which relief can be granted. The Merritt-Chapman & Scott Corporation moves for the relief requested in its own behalf. The attorney for the defendant Dexter Sulphite Pulp & Paper Co., Inc., by telegram read into the record on the return day of the motion does not oppose to any extent the motion of its fellow defendant. For convenience, I shall use the abbreviated names "Merritt Corporation" and "Dexter Company" for the two defendants.

The gravamen of the complaint is breach of contract. This pleading specifically describes the Merritt Corporation as the duly authorized agent of Dexter Company, acting on the behalf of such principal and within the scope of its authority in connection with the transactions upon which the action is based. It is upon this charac- terization as agent for a disclosed principal that the Merritt Corporation seeks to be released as a named party defendant in the action.

The plaintiff as a duly qualified common carrier under the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., entered into an agreement of transportation with the Merritt Corporation. The transportation involved the moving of two digesters from the Lancaster Iron Works, Inc., Lancaster, Pennsylvania, to the Dexter Sulphite Pulp & Paper Co., Dexter, New York. The agreement evidenced by exhibits A, B, and C, attached to the complaint, consisted respectively of a bid or quote form from Merritt Corporation to plaintiff, a letter from plaintiff to Merritt Corporation in reference to such bid outlining the terms of acceptance with stated price and certain qualifications as to the services to be rendered, and, finally, a purchase order from Merritt Corporation to plaintiff embodying the essentials of the agreement and previous transactions with the direction to move the digesters when notified as to their readiness. The bid initiating the transaction and the purchase order culminating the negotiations clearly and unequivocally set forth the Merritt Corporation as the agent for the Dexter Sulphite and Paper Company. The plaintiff by its complaint alleges that it proceeded with the transportation and because of the failure of Merritt Corporation to have the digesters ready for shipment at or about the time represented, it sustained substantial money loss. That the original charge agreed upon between the parties was much less than the tariff rates prescribed by the Interstate Commerce Commission at the alleged delayed time of the transportation.

In the consideration of the problem presented, I confine myself to the complaint alone, and am fully cognizant of the rules that in a motion to dismiss, the relief should not be granted unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim; and that the complaint will be viewed in the light most favorable to the plaintiff. I shall always be inclined to preserve the "day in

court" and hold the parties to their proof where factual questions are presented in the pleadings. I do not like technical reasoning which prevents trial upon the merits.

Even with this caution, however, I am constrained to hold against the plaintiff by the nature of its own pleading. In its well-presented argument, the plaintiff contends that by law it must charge the full rates as prescribed by the Interstate Commerce Commission. That statement may be true but the duty to collect the full rates can only be directed against a person legally liable and responsible for such charges.

The plaintiff by the allegations of the complaint accepted the Merritt Corporation as the duly authorized agent of the Dexter Company, a disclosed principal. The exhibits attached to the complaint show acceptance by the plaintiff of this limited status of the Merritt Corporation in the negotiations and their final culmination. The bill of lading is referred to generally in the complaint but for some unknown reason it is not attached as an exhibit. However, there is no claim by the plaintiff that the bill of lading abrogated or altered the express agency relationship of the Merritt Corporation in the transaction, nor is there any allegation that such bill of lading in the nature of novation substituted the liability of the Merritt Corporation in the place of the agreed liability of the disclosed principal, Dexter Company. The essence of the entire contract between the parties was transportation and the responsibilities must be fixed by the entire agreement as evidenced by the writings. Agency is evidenced by the whole agreement and the law is settled that under such circumstances the agent is not individually liable for a disclosed principal. Ell Dee Clothing Co., Inc., v. Marsh, 247 N.Y. 392, 160 N.E. 651; E. I. Du Pont De Nemours & Co. v. Barge Carriers, D.C., 55 F.Supp. 728; Shilman v. U. S., 2 Cir., 164 F.2d 649; Great Lakes Coal & Dock Co. v. Seither Transit Co., 8 Cir., 220 F. 28.

The plaintiff in seeking to establish its claim against Merritt Corporation lays much stress upon the claim as alleged in paragraph fourteen of the complaint, "that the aforesaid shipment was directed to be made by the defendant, Merritt-Chapman & Scott Corporation, as consignor, F.O.B., Lancaster, Pennsylvania, to itself as consignee at Dexter, New York, with instructions to notify it upon arrival." However, the concluding sentence of that same paragraph, allegation fourteen of the complaint, again recognizes the agency character of Merritt Corporation by stating, "that the said shipment was made for the benefit and account of the defendant Dexter Sulphite Pulp and Paper Co., Inc., the other defendant herein, for whom it was acting as agent." As pointed out by the attorney for the defendant Merritt Corporation, the purchase order culminating the agreement, Exhibit C, sets forth the Dexter Sulphite Pulp and Paper Co. as the consignee but it does not seem necessary to enter this dispute.

The consignor-consignee description in the bill of lading is not absolutely determinative of the rights and liabilities between the parties thereto. In an authority submitted by the plaintiff in that respect, Louisville & N. Railway Co. v. Central Iron & Coal Co., 265 U.S. 59, 44 S.Ct. 441, 442, 68 L.Ed. 900, Mr. Justice Brandies stated, "The tariff did not provide when or by whom the payment should be made. As to these matters carrier and shipper were left free to contract, subject to the rule which prohibits discrimination", and then later in the same opinion, "or the carrier may accept the goods for shipment solely on acount of the consignee, and, knowing that the shipper is acting merely as agent for the consignee, may contract that only the latter shall be liable for the freight charges." This opinion demonstrates that there is freedom of contract in the carrier-consignor-consignee relationship, and upon the complaint herein the plaintiff agreed to accept a disclosed principal for liability in respect to the transportation charges. Atchison, T. & S. F. Ry. Co. v. Hunt Bros. Fruit Co., D.C., 34 F.2d 582, 583, relied on by the defendant, seems clearly distinguishable because there was no express contract fixing the relationship and agency limitations of the parties as herein.

The argument of the plaintiff that under Rule 20(a) of the Federal Rules of Civil Procedure the principal and agent

should be allowed to be joined as defendants docs not possess merit in this situation. In Bailey v. Zlotnick, 77 U.S.App.D.C. 84, 133 F.2d 35, cited by plaintiff in that respect, the action was based in negligence and the agency was dissimilar to the express written agreement herein. Lansburgh & Bros. v. Clark, 75 U.S.App.D.C. 339, 127 F.2d 331 is more in point. It is stated therein that Rule 20 neither has nor was intended to have any effect on the *substantive rights* of the parties, and that obviously it is simply a procedural rule, the sole purpose of which is to remove the procedural obstacles of the common law. (Italics mine).

I have outlined my reasons for my determination. The motion to dismiss as to defendant Merritt-Chapman & Scott Corporation is granted, and an order may enter accordingly.