## Pennsylvania Railroad Company *v.* Gallagher, Appellant.

Argued September 29, 1953.   Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Herman J. Obert,* for appellants.

*F. Hastings Griffin, Jr., with him William F. Zearfaus* and *Barnes, Dechert, Price, Myers & Rhoads,* for appellee.

OPINION BY RENO, J., December 29, 1953:

This assumpsit action was brought by the plaintiff carrier to recover freight and demurrage charges upon a railroad shipment of two motor trucks.   The appeal is from the action of the court below holding the answer of defendants insufficient as a matter of law and entering judgment for plaintiff.   E. A. Gallagher and Sons were the shippers and the action was instituted against the personal representatives of Edward A.

Gallagher, a deceased partner, and Arthur A. Gallagher, the surviving partner, as individuals and partners. Both defendants have separately appealed.

The trucks, which were owned by the United States Treasury Department, were originally consigned to Greenville Piers, New Jersey, on a government bill of lading. The Pennsylvania Railroad accepted responsibility for damage to the trucks en route to Greenville Piers, and returned them to Philadelphia for repair under the supervision of the defendants. After repair the trucks were to be returned to their original destination, Greenville Piers, but the Gallaghers, who were acting as agents for the United States Treasury Department, consigned them to Horseheads, New York; from this location they were reconsigned to Greenville Piers at the direction of the defendants. E. A. Gallagher and Sons were designated as the shipper on the bill of lading.

Section 7 of the Uniform Bill of Lading, approved by the Interstate Commerce Commission, under which the shipment here involved was carried, provides in part: "The consignor shall be liable for the freight and all other lawful charges, except that if the consignor stipulates, by signature, in the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier, contrary to such stipulation, shall make delivery without requiring such payment, the consignor . . . shall not be liable for such charges." The language after the word "except" in the above quotation is known as the non-recourse provision of the bill of lading. The stipulation on the face of the bill of lading was not signed by the shippers.

The sole question for determination is whether a consignor, who directs a shipment in interstate com-

merce, is liable for freight and other lawful charges under the terms of a uniform bill of lading where the carrier is fully aware, prior to shipment, that the consignor is acting only as an agent for the owner of the property.

The consignor, by or from whom the shipment is made, is ordinarily regarded as the party primarily liable for the payment of the full amount of the freight charges, whether or not he is the owner of the goods. See *Louisville & Nashville Railroad Co. v. Central Iron & Coal Co.*, 265 U. S. 59, 44 S. Ct. 441. The general rule concerning the liability of agents for freight charges is well stated in 13 C. J. S., Carriers, §316a: "A person who has taken some step or done some act which would otherwise subject him to liability may be excused therefrom by reason of the fact that he was acting merely as an agent or factor if such fact was properly made known to the carrier with whom the dealings were had. If, however, the carrier had no knowledge or notice of the agency an agent or factor may become liable for the charges in the same manner and to the same extent as if he had been acting on his own behalf; and *even where the agency is known an agent or factor may render himself liable by an express undertaking.*" (Emphasis added.)

Interpretation of the uniform bill of lading is a federal question governed by federal law. *Illinois Steel Co. v. B. & O. R. Co.*, 320 U. S. 508, 64 S. Ct. 322. The applicable cases involving the liability of a consignor under the provisions of Section 7 of the uniform bill of lading have been consistent in holding that the consignor is liable for the freight and other lawful charges unless the non-recourse clause is executed by the consignor in the manner prescribed in the bill. In *Illinois Steel Co. v. B. & O. R. Co.*, supra, p. 325, it is stated: "Under these provisions, [referring to

Section 7] if the non-recourse clause is not signed by the consignor, he remains liable to the carrier for all lawful charges." In *Atlantic Coast Line R. Co. v. Clinchfield Fuel Co.*, 94 F. Supp. 992, 996 (W.D.S.C.) the following language was used: "The consignor, in order to shield itself from liability for freight charges must execute the section on the face of a bill of lading as expressly required by the Commission." Where it was expressly agreed and the railroad notified that the owner and not the consignor should pay the freight charges, the consignor was nevertheless held liable in *Atchison, T. & S. F. Ry. v. Hunt Bros.*, 34 F. 2d 582 (W.D.Mo.), the court stating, p. 583: "Unquestionably the defendant as consignor is liable for freight . . . such was the express provision of the written contract here. See section 7, Contract Terms and Conditions, Bill of Lading. *The consignor is liable for the freight because that is his contract.* He is primarily liable unless it is provided impliedly or expressly *in the contract* that the railroad shall look first to some other." (Emphasis added.) To the same effect is the holding of the Supreme Court of this Commonwealth in *New York Central Railroad Company v. James B. Berry Sons' Company*, 338 Pa. 500, 506, 12 A. 2d 588, wherein it is said: "The defendant consignor elected not to require the plaintiff to collect the freight charges on delivery, and, having so rejected the benefit of the offered exception, became liable, as consignor, 'for the freight and all other lawful charges.'"

Notwithstanding their express assumption of liability embodied in the terms of the uniform bill of lading, appellants contend the carrier's knowledge that the shippers were acting as agent for the owner precludes the assertion by the railroad of any liability on the part of appellants for the freight and demurrage charges. In support of this contention appellants rely

principally on *Louisville & Nashville Railroad Co. v. Central Iron & Coal Co.*, supra; *D. L. & W. Railroad Co. v. Ludwig*, 94 Pa. Superior Ct. 289; and *Pennsylvania Railroad Co. v. Rothstein*, 116 Pa. Superior Ct. 156, 176 A. 861. The cases are inapposite. None of them involved the express provision of the uniform bill of lading imposing liability on the consignor for freight and other lawful charges.

Nor is *Gallagher v. Merritt-Chapman & Scott Corporation*, 86 F. Supp. 10 (N.D.N.Y.), also relied on by appellants, applicable to the facts in the instant case. Although it involved a truck shipment under a uniform bill of lading, the bill was not considered in the determination of the case, the court stating, p. 12: "However, there is no claim by the plaintiff that the bill of lading abrogated or altered the express agency relationship of the Merritt Corporation in the transaction, nor is there any allegation that such bill of lading in the nature of novation substituted the liability of the Merritt Corporation in the place of the agreed liability of the disclosed principal, Dexter Company." However, when Section 7 of the uniform bill of lading has been considered it has been held, in interstate shipments of freight under uniform bills of lading by an interstate commerce carrier under the Federal Motor Carriers Act, 49 U.S.C.A., §1 et seq., that the shipper was liable for the freight charges because of his failure to sign the non-recourse statement. *Griggs v. Stoker Service Co.*, 229 N. C. 572, 50 SE 2d 914, 15 ALR 2d 798.

Knowledge of the carrier that a consignor is acting as an agent does not preclude the consignor from dealing with a carrier as principal if it chooses to do so. In *Pennsylvania Railroad Co. v. Rothstein*, supra, though it involved a reconsignment by a consignee-agent and the sentence in Section 7 of the bill pertain-

ing to the consignor's liability was not considered, this Court said, pp. 160, 161: "Responsibility is not avoided, however, by a disclosure of agency in prior communications. It must appear from the face of the contract itself. In the case of Horwath et al. v. Simon, 95 Pa. Superior Ct. 410, defendant had entered into a written contract for services to be rendered plaintiffs. He admitted the contract, but asserted that while he had signed it in his own name he had been acting for a principal known to the plaintiffs, and that the plaintiffs had agreed to hold the principal only. This defense was held insufficient. It was there said, at page 414: 'A person contracting as agent will be personally liable, whether he is known to be agent or not, in all cases where he makes the contract in his own name or voluntarily incurs a personal responsibility either expressed or implied.' It is therefore immaterial that one party to a contract may have knowledge that the other party is acting as agent if the latter in signing the contract purports to act as principal."

In the instant case there was nothing on the bill of lading to show that the shippers were acting as agent. Moreover, they failed to take advantage of the right to relieve themselves of liability for the freight and other lawful charges by executing the non-recourse provision.

Under the provisions of the uniform bill of lading, under which the shipment here involved was transported, appellants are liable for the freight and demurrage charges. The failure of the shippers to execute the non-recourse provision, which would have relieved them of liability regardless of their relationship with the owner, cannot be obviated by the defense that the carrier had notice they were acting as agent. As the Supreme Court of Connecticut said in *N. Y., N. H. & H. R. R. v. California Fruit Growers Exchange,* 125

Conn. 241, 254, 5 A. 2d 353: "As repeatedly held, the uniform bill of lading expressly accords the shipper the privilege of absolving himself from liability for charges by executing the nonrecourse clause and thereby excludes implication of a right to attain the same object in some other and undefined way."

Judgment affirmed.