MAZZEO & SONS EXPRESS, a New Jersey Corporation, a/k/a and using the trade style of Mazzeo's Express, Plaintiff,

v.

WILLIAM M. PERRY, Inc., also known as and/or using the trade style of Perry Blouse, 1407 Broadway, New York City, Defendant.

United States District Court
S. D. New York.

June 5, 1956.

Samuel Schaeffer, New York City, Alvin L. Rabinowitz, Brooklyn, N. Y., of counsel, for plaintiff.

Zelby & Burstein, New York City, Herbert Burstein and Arthur Liberstein, New York City, of counsel, for defendant.

WEINFELD, District Judge.

Plaintiff, a licensed interstate motor carrier, moves for summary judgment to recover freight charges for merchandise transported in interstate commerce between points in New York and New Jersey. The defendant, a blouse manufacturer, shipped to Flora Manufacturing Company (hereafter called Flora), its contractor with a plant at Hackensack, New Jersey, piece goods, trimmings and other parts required to make up ladies blouses. Flora then processed the parts into blouses and returned the finished product to the defendant at New York City. The shipments to and from the defendant and its contractor were transported by the plaintiff.

I am of the view after a careful reading of the pleadings, the voluminous affidavits and the briefs, that a basic factual issue precludes the granting of the motion and makes it unnecessary to con-

sider a number of other legal issues raised on this application.

The defendant alleges, and it is not contradicted, that the tariff filed by the plaintiff with the Interstate Commerce Commission did not provide who was to pay the freight charges; accordingly it contends that this was a matter as to which the parties were free to contract. The defendant's principal officer asserts that the price paid to Flora for the processing of the blouses included the transportation charges for all merchandise whether unfinished or in finished state. The defendant contends that under this arrangement, of which plaintiff had knowledge, the contractor engaged the services of the plaintiff and agreed to pay it the basic transportation charges; that it was specifically agreed that plaintiff was to look to the contractor for payment and the defendant was not to be liable therefor.[1]

The plaintiff disputes that any such arrangement was made but further assuming arguendo that it had been so agreed, it would be illegal and unenforceable. Its position is that the defendant, as the original shipper or consignor and also as the consignee on the return shipment, is liable for the transportation charges.

As I read Louisville & N. R. Co. v. Central Iron & Coal Co., 265 U.S. 59, 65–67, 44 S.Ct. 441, 442, 68 L.Ed. 900, relied upon by the plaintiff, it does not require that the defendant at all events must be held liable for the payment of the freight charges. The Supreme Court there held that a carrier and shipper are free to contract as to when and by whom freight charges are to be paid where the tariff filed by the carrier does not provide who is to pay the charges.

"But delivery of goods to a carrier for shipment does not, under the Interstate Commerce Act [49 U.S.C.A. § 1 et seq.], impose upon a shipper an ab-solute obligation to pay the freight charges. The tariff did not provide when or by whom the payment should be made. As to these matters carrier and shipper were left free to contract, subject to the rule which prohibits discrimination. The carrier was at liberty to require prepayment of freight charges, or to permit that payment to be deferred until the goods reached the end of the transportation. Wadley Southern R. Co. v. [State of] Georgia, 235 U.S. 651, 656, 35 S.Ct. 214, 59 L.Ed. 405. Where payment is so deferred, the carrier may require that it be made before delivery of the goods, or concurrently with the delivery, or may permit it to be made later. Where the payment is deferred, the contract may provide that the shipper agrees absolutely to pay the charges; or it may provide merely that he shall pay if the consignee does not pay the charges demanded upon delivery of the goods. Or the carrier may accept the goods for shipment solely on account of the consignee, and, knowing that the shipper is acting merely as agent for the consignee, may contract that only the latter shall be liable for the freight charges, or both the shipper and the consignee may be made liable. Nor does delivery of goods to a carrier necessarily import, under the general law, an absolute promise by the shipper to pay the freight charges. We must, therefore, determine what promise, if any, to pay freight charges was, in fact, made by the Central Company."

This position was reaffirmed in Illinois Steel Co. v. Baltimore & O. R. Co., 320 U.S. 508, 512, 64 S.Ct. 322, 324, 88 L.Ed. 259, where the Supreme Court stated: "The tariffs do not prescribe who is to pay the freight charges, but subject to the prohibition against unlawful discrimination and the limitations imposed by the uniform bill of lading, the parties to the shipment, as between them-

---

1. Defendant acknowledges only that it was liable to the plaintiff for an increase of six cents per dozen blouses in addition to the previous scheduled rate which it, the defendant, agreed to pay because no additional compensation was made to the contractor despite such increase.

selves, are free to stipulate who shall pay them."

■ Apart from the basic dispute as to whether the plaintiff agreed to look to the contractor and not the manufacturer for the payment of the transportation charges,[2] the case abounds with other factual contentions. The plaintiff apparently seeks to meet the force of the Louisville & N. R. Co. case by contending that with respect to the shipments the defendant occupied a multiple status —that it was "owner, consignor-consignee" and hence in any event must respond for payment of the claim. However, the true status of the defendant and its contractor and their relationship is not conceded and remains a matter for factual determination. Certainly with respect to the initial receipt of the merchandise Flora, the contractor, was a consignee; with respect to the finished product it was a consignor.

Parenthetically it is noted that the plaintiff has overlooked that Wells Fargo & Co. v. Cuneo, D.C., 241 F. 727, and other cases[3] relied upon to support its position were decided on an erroneous assumption. Mr. Justice Brandeis in Louisville & N. R. Co., mentioning these cases, specifically pointed out:

"[In those cases] * * * it is *erroneously* assumed that the mere fact of delivery of goods for shipment imports, under the Interstate Commerce Act, as a matter of law, an absolute promise to pay the freight charges, and/or that an agreement to the contrary is void."[4] (Emphasis added.)

The motion for summary judgment is denied.

The cross motion by defendant to dismiss is likewise denied since a motion based on the same grounds was previously denied by Judge Herlands.

■ The motion for a stay of this action pending determination of the proceedings instituted by this defendant against the plaintiff before the Interstate Commerce Commission is also denied. This Court has jurisdiction and if the matter is reached prior to determination by the Commission there is no reason why it should not be tried in regular order.[5] However, defendant's application for a stay will be granted if it posts a bond to secure any judgment the plaintiff may recover in this action.

Settle order on notice.

2. Cf. New York Cent. R. Co. v. Trans-American Petroleum Corp., 7 Cir., 108 F. 2d 994, 129 A.L.R. 206; Gallagher v. Merritt-Chapman & Scott, D.C.N.D.N.Y., 86 F.Supp. 10.

3. Cleveland, C., C. & St. L. R. Co. v. Southern Coal & Coke Co., 147 Tenn. 433, 248 S.W. 297; Atchison, Topeka & Santa Fe R. Co. v. F. H. Stannard & Co., 99 Kan. 720, 162 P. 1176, L.R.A. 1917C, 1124.

4. 265 U.S. 59, note 7, at page 69, 44 S.Ct. 441, at page 443.

5. Cf. Pennsylvania R. Co. v. Fox & London, Inc., 2 Cir., 93 F.2d 669, certiorari denied 304 U.S. 566, 58 S.Ct. 949, 82 L. Ed. 1532; J. C. Francesconi & Co. v. Baltimore & O. R. Co., D.C.S.D.N.Y., 274 F. 687; Gimbel Bros. v. Barrett, D.C. E.D.Pa., 215 F. 1004.