SEMI-METALS, INC. AND GENERAL INSTRUMENT CORP., PLAINTIFFS-APPELLANTS, v. PINTER BROTHERS AND EASTERN FREIGHT WAYS, INC., DEFENDANTS-RE-SPONDENTS.

Argued April 26, 1976—Decided June 23, 1976.

438

Mr. *Clifford J. Sheehan* argued the cause for plaintiffs-appellants (*Messrs. Hueston, Hueston & Sheehan,* attorneys).

Mr. *Stanley P. Fishman* argued the cause for defendant-respondent Pinter Brothers (*Messrs. Feuerstein, Sachs & Maitlin,* attorneys).

*Mr. Herbert M. Guston* argued the cause for defendant-respondent Eastern Freight Ways, Inc. (*Mr. Nathan L. Amdur,* attorney).

PER CURIAM. We granted certification, 69 *N. J.* 76 (1975), to review the decision of the Appellate Division reported at 135 *N. J. Super.* 464 (1975). We now affirm that judgment.

Plaintiff Semi-Metals, Inc., in preparing the bill of lading, described the goods being shipped (germanium scrap) as "electronic material." (The trial court found this was an intentional misdescription).

The bill of lading form had a sentence which read as follows: "The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding ———— per ————." Plaintiff-shipper did not fill in the blanks. The bill of lading also provided that the goods were "[s]ubject to the classifications and tariffs in effect on the date of the issue of this bill of lading." The proper classification for the shipment under the filed tariff should have been scrap metals NOI (Not Otherwise Indexed) for which various released values were specified, the highest of which was $5 per pound unless a value was otherwise declared.[1]

Item 136516, which is a part of the particular tariff classification, further provided that "In no instance will carriers' liability exceed the highest value for which classes are provided." As heretofore noted, the bill of lading herein was made subject to the classifications and Tariffs in effect on the date the bill issued.

█ Under the Interstate Commerce Act, 49 *U. S. C. A.* § 20(11), a common carrier is generally subject to full liability for loss or damage to goods in transit. However, the statute permits a limitation of liability for property (except ordinary livestock) "received for transportation concerning

[1]Classes and Rules — National Motor Freight Classification A–11, Interstate Commerce Commission Number MF–ICC13, issued March 31, 1970, effective June 11, 1970.

which the carrier shall have been or shall be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain rates dependent on the value declared in writing by the shipper or agreed upon in writing as the released value of the property * * *."

In order to limit liability in accordance with the exception, there must be an agreement in writing between the shipper and the carrier to that effect. *New York, N. H. & H. R. Co. v. Nothnagle,* 346 *U. S.* 128, 134–135, 73 *S. Ct.* 986, 97 *L. Ed.* 1500, 1506–1507 (1953); *Glickfeld v. Howard Van Lines, Inc.,* 213 *F.* 2d 723, 725 (9 Cir. 1954); *Caten v. Salt City Movers & Storage Co.,* 149 *F.* 2d 428, 432 (2 Cir. 1945). The courts have declared ineffectual a limitation of liability contained only in a filed tariff or in a bill of lading not received or agreed to by the shipper. *Caten v. Salt City Movers & Storage Co., supra; Vandenbergh v. Allied Van Lines, Inc.,* 137 *Mont.* 327, 351 *P.* 2d 537, *cert.* den. 364 *U. S.* 830, 81 *S. Ct.* 69, 5 *L. Ed.* 2d 57 (1960). It is essential that the limitation be expressed in the agreement between the parties. *American Railway Express Co. v. Lindenburg,* 260 *U. S.* 584, 43 *S. Ct.* 206, 67 *L. Ed.* 414 (1923).

Here the bill of lading which had been prepared by the shipper, which was knowledgeable with respect to this type of transaction, incorporated by reference the tariff provision that "in no instance will carrier's liability exceed the highest value for which classes are provided," namely $5 per pound. Further, the shipper, knowing that the rates charged depended upon the value it placed on the shipment, intentionally did not state the actual value on the bill of lading and thereby selected the tariff limitation. The shipper indirectly paid the freight since the purchaser of the germanium was entitled to deduct the transportation charges from the purchase price. It follows, therefore, that the parties had agreed in writing that the carrier's responsibility was limited and the judgment must be affirmed.

*For affirmance*—Chief Justice HUGHES, Justices MOUN-TAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For reversal*—None.