254 N.J. Super. 201 (1991)
603 A.2d 143
WAVE ELECTRONICS, PLAINTIFF,
v.
UNITED PARCEL SERVICE, DEFENDANT.
Superior Court of New Jersey, Law Division (Civil), Middlesex County.
Decided April 9, 1991.
Diane McDevitt for defendant United Parcel Service, Inc. (Messrs. Crummy, Del Deo, Dolan, Griffinger & Vecchione).
Michael A. Gast for plaintiff Wave Electronics (Messrs. Kline & Gast).
*202 HAMLIN, J.S.C.
This is a decision following a plenary bench trial. Plaintiff, Wave Electronics, Inc. brought an action in negligence and breach of contract against defendant, United Parcel Service, Inc. (UPS), who asserted a counterclaim on a book account against Wave.
The facts are as follows. On November 21, 1988, Wave, a purchaser and seller of computer chips, gave two packages to UPS for a C.O.D. delivery to "Advanced Systems", a purchaser located at 129 South Iidalgo, Alhambra, California. Wave had no prior dealings with "Advanced Systems". The C.O.D. amounts were $20,575.40 and $14,171.00 respectively. Plaintiff instructed UPS to accept payment only by cashier's check.
UPS delivered the packages to "Advanced Systems" on November 22, 1988. The purchaser gave the UPS driver one cashier's check for $34,746.40 representing payment for both packages. The driver examined the cashier's check and accepted it. The check bore the imprint of the drawing bank, the California State Bank, and in the lower left corner, "Cashier's Check" was printed. The check was made out to Wave. Subsequently, an UPS representative informed Seymour Lieberman, the Vice President of Wave, that the cashier's check was invalid. However, at the request of counsel and an F.B.I. agent, plaintiff endorsed the check and deposited it into its bank account. The bank did not honor the check which concededly was counterfeit.
Wave contends that UPS was at fault for not recognizing the invalidity of the check, thus breaching its contract with Wave, causing it to suffer an economic loss in the amount of $34,746.40. UPS asserts that it followed its standard procedure as to C.O.D. deliveries, and that the check it received was facially valid, bearing all the required indicia of a cashier's check. Defendant contends that the transaction between Wave and UPS was governed by the tariff published by UPS which expressly states that any risk of non payment in C.O.D. shipments *203 due to forgery or fraud is to be borne by the Shipper  Wave.
In addition, UPS has asserted a counterclaim demanding payment by plaintiff for $33,228.42 on an open current account. Wave had admitted that it owes $32,371.91, for which UPS seeks an Order entering judgment.
As an interstate carrier, UPS, and this transaction are governed by the Interstate Commerce Act, 49 U.S.C.A. § 10101, et seq. Therefore, Federal law applies. See Semi Metals, Inc. v. Pinter Bros., 135 N.J. Super. 464, 343 A.2d 757 (App.Div.), aff'd. 70 N.J. 437, 360 A.2d 385 (1976); Silvers v. Pennsylvania Railroad, 89 N.J. Super. 475, 215 A.2d 556 (App.Div. 1963).
That act permits a carrier to provide transportation services only in accordance with the duly published tariff, to which the parties are bound. UPS had tariffs approved and published. The tariff operates as law which all parties are deemed to have knowledge of. Essex County Welfare Board v. N.J. Bell Telephone Co, 126 N.J. Super. 417, 315 A.2d 40 (App.Div. 1974). The current tariff, UPSN 201-E, effective since November 25, 1987, governs the transaction at issue. Item 480 provides in pertinent part:
"All checks (including cashier's checks and certified checks) and money orders tendered in payment of C.O.D.s, will be accepted by the carrier at shipper's risk including, but not limited to risk of non payment and forgery, and carrier shall not be liable under any such instrument." (emphasis added)
The specific terms of Item 480 of the tariff also appear in the UPS Next Day Air/2nd Day Air Service Explanation, `ROUNDUPS", a UPS Circular and the UPS Air Service Guide. It is UPS' customary business practice to present these items to each customer.
At trial, plaintiff relied upon the case of American Machinery & Motor Co., Inc. v. United Parcel Service, 87 Misc.2d 42, 383 N.Y.S.2d 1010 (N.Y. Civ. Ct. 1976) to impose on the carrier a "duty of inquiry" before accepting a check from a purchaser. In that case, judgment was for plaintiff when a check accepted *204 by UPS was found to be invalid. However, in that case, the check was patently stale and visibly altered. That distinction is significant. In the case at bar, UPS was given a facially valid cashier's check. Charles Nemeth, a former supervisor in UPS' LOSS Prevention Department testified that UPS had a standard procedure as to C.O.D. deliveries. The driver would examine the check for current date, confirm that the check was made out to the shipper, was signed, had the correct amount, and drawn on a local bank. That procedure was followed in the subject transaction.
No court has held that a C.O.D. carrier has an absolute duty to verify the sufficiency of instruments it collects. In fact, the cases that have addressed this issue have consistently held that UPS' only duty is to examine the face of the instrument to determine if it is facially valid. Shockley v. United Parcel Service, Inc., 664 S.W.2d 523, 524-525 (Ky. Ct. App. 1984); National Diamond Syndicate, Inc. v. United Parcel Services, Inc., 897 F.2d 253, 264 (7th Cir.1990); Silver Creations Ltd. v. United Parcel Service, Inc., 133 N.J. Super. 543, 551-553, 337 A.2d 641 (Law Div. 1975). In this case, UPS examined the instrument and had a reasonable basis to believe it valid.
The Restatement of Agency, Second Series § 426 indicates that a carrier is held to a reasonable care standard only if the contract does not provide otherwise. "Unless otherwise agreed, an agent to collect ... has a duty to use reasonable care and skill." See also Id. §§ 376, 379. UPS' C.O.D. contract does provide "otherwise". The Tariff states that checks will be accepted at the shipper's risk. Recognizing the need for strict adherence to this contract, the court in Silver Creations, Ltd. v. United Parcel Service, 133 N.J. Super. 543, 551-553, 337 A.2d 641 (Law Div. 1975), held that UPS is not liable for collecting a facially valid but worthless check because the contract (the tariff) between the parties specifically provided that checks would be collected at the shipper's risk. Thus, the Tariff relieves UPS of the duty to exercise reasonable care and places the risk of loss on the shipper.
*205 This court now holds, as a matter of law, that Tariff Item 480 controls the subject transaction. As such, Wave incurred all risk attendant to the acceptance by UPS of the invalid check, including the risk of nonpayment. UPS is not liable for the loss. Accordingly, judgment is entered in favor of UPS dismissing plaintiff's action and on its counterclaim.