41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
MILAM AUDIO COMPANY, a Corporation Plaintiff-Appellant,
v.
FEDERAL EXPRESS CORPORATION, a Corporation, Defendant-Appellee.
 No. 94-1942.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 20, 1994.
Decided Nov. 2, 1994.
 
 Before ESCHBACH, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 For the reasons given in the attached order of the district court, we AFFIRM.
 
 ATTACHMENT
 
 2
 UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS
 
 
 3
 Milam Audio Company, a corporation, Plaintiff,
 
 
 4
 v.
 
 
 5
 Federal Express Corp., a corporation, Defendant.
 
 Case No. 93-1279
 ORDER
 
 6
 Before the Court is Defendant's, Federal Express Corporation's, Motion for Summary Judgment [Doc. # 9]. Defendant in this case is an all cargo air carrier engaged in the business of delivering various types of packages to destinations both national and international. Plaintiff, Milam Audio Company, is an Illinois corporation that, upon occasion, uses Defendant to ship parcels to its customers. Plaintiff has brought this action based upon a theory of breach of contract alleging that Defendant failed to properly collect payment from the recipient of two packages sent by Plaintiff. Defendant claims in its Motion for Summary Judgment that it properly fulfilled its contractual obligations, or, in the alternative, that its liability is limited to the value declared by Plaintiff. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331. See Angela Cummings, Inc. v. Purolator Courier Corp., 670 F.Supp. 92 (S.D.N.Y.1987).
 
 
 7
 "A motion for summary judgment is not an appropriate occasion for weighing the evidence; rather, the inquiry is limited to determining if there is a genuine issue for trial." Lohorn v. Michal, 913 F.2d 327, 331 (7th Cir.1990); See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510 (1986). This Court must "view the record and all inferences drawn from it in the light most favorable to the party opposing the motion." Holland v. Jefferson National Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir.1989). When faced with a motion for summary judgment, the non-moving party may not rest on its pleadings. Rather, it is necessary for the non-moving party to demonstrate, through specific evidence, that there remains a genuine issue of triable fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir.1991).
 
 
 8
 The facts pertinent to the Motion for Summary Judgment are straight forward and not in dispute. On or about March 10, 1993, Plaintiff entered into a contract for carriage with Defendant ("the contract"). The terms of this contract were laid out in the airbills associated with the packages and Defendant's Service Guide.[1] Pursuant to the contract, Defendant was to pick up two packages from Plaintiff in Pekin, Illinois, and deliver them to Plaintiff's customer located in Chino Hills, California. Upon delivery, Defendant was to collect a cashier's check or money order in the amount of $6,978.50 from the Plaintiff's customer in Chino Hills. Defendant delivered the packages to the location in Chino Hills specified by Plaintiff and collected what appeared to be a valid cashier's check ("the check") for the sum of $6,978.50. Defendant then delivered the check to Plaintiff.
 
 
 9
 Plaintiff attempted to negotiate the check tendered by its customer. To Plaintiff's chagrin, the check turned out to be drawn on a nonexistent bank and, as such, was worthless. Unhappy with this turn of events, Plaintiff filed the present law suit based upon a breach of contract theory and seeking $6,978.50 in damages. In its Complaint, Plaintiff alleged that a material part of the contract as shown by the C.O.D. airbills required that Defendant deliver the packages "cash on delivery." Plaintiff contended that Defendant breached its contract with Plaintiff by accepting from Plaintiff's customer and delivering to Plaintiff a worthless writing purporting to be a cashier's check.
 
 
 10
 Defendant filed its Motion for Summary Judgment based upon its assertion that it fully complied with the contract or, in the alternative, that its liability is limited to the value declared by Plaintiff on the packages' airbills, $6,978.50. Defendant maintains that the contract's terms are stated on the airbills of the packages shipped and the Service Guide. Further, Defendant contends that the airbills and Service Guide define "C.O.D." as "Collect on Delivery" and explicitly state that Defendant does not accept cash when delivering packages. In addition, Defendant contends that the airbills and Service Guide explicitly state that all checks and money orders were to be collected at Plaintiff's risk. Finally, Defendant claims that its liability was limited to the value declared by Plaintiff on the airbills, a total of $5,200.00.
 
 
 11
 Plaintiff argues in its opposition to Defendant's Motion for Summary Judgment that genuine issues of material facts exist as to whether Defendant collected a "cashiers check," whether there exists a written contract signed by Plaintiff which limits Defendant's liability,[2] and whether Defendant exercised due care. Plaintiff first argues that Defendant admitted its material breach when it stated in its motion that it was obligated to collect a cashiers check, but actually collected a worthless piece of paper. Plaintiff points to the Illinois Uniform Commercial Code Sec. 3-104(g) which defines "cashier check" as a draft with respect to which the drawer and the drawee are the same bank. Plaintiff then points out that the bank named as drawer and drawee on the cashier check collected by Defendant did not exist. Therefore, Plaintiff reasons, the piece of paper collected by Defendant was not a "cashier's check," and Defendant breached the contract. Plaintiff's argument is without merit.
 
 
 12
 A carrier making a C.O.D. delivery acts in a dual capacity; that of a common carrier and bailee and that of a collection agent. See National Diamond Syndicate, Inc. v. United Parcel Service, 897 F.2d 253, 259 n. 5 (7th Cir.1990). As a common carrier and bailee, a carrier has traditionally been held to be strictly liable with respect to its duty to deliver. Id. As an agent for collection, the law of agency applies to the carrier's contractual obligation to collect on a C.O.D. shipment. Id. The Restatement (Second) of Agency describes the duties of an agent making collections:
 
 
 13
 Unless otherwise agreed, an agent to collect from others goods or money due the principal has a duty of using reasonable care and skill in making such collection in accordance with the directions of the principal.
 
 
 14
 Restatement (Second) of Agency, Sec. 426 (1958). The contract between Plaintiff and Defendant does "otherwise agree."
 
 
 15
 The contract in this case clearly allocates the risk associated with the collection of payment for C.O.D. shipments to Plaintiff, the shipper. Initially, the Court observes that the contract between Plaintiff and Defendant, as laid out in the airbills and the Service Guide, states that Defendant will not collect cash on its C.O.D. deliveries. On both the front and back sides, the airbills explicitly state that no cash will be accepted. Indeed, Plaintiff indicated on the airbills that it required a cashier's check or money order as payment for the C.O.D. shipment. Second, the contract, the terms of which are stated in the airbills and the Service Guide, plainly states that Plaintiff solely shall bear the risk of loss occurring in the collection of C.O.D. payments. Specifically, the reverse side of each airbill states:
 
 
 16
 C.O.D. Service consists of our carriage of goods to your recipient, collection of a check or money order issued by or on behalf of your recipient made payable to you, and return delivery of the check or money order to you.... Unless you specify cashier's check or money order, we will accept those instruments or a business, personal or certified check but NOT CASH, in payment of the C.O.D. amount. All checks and money orders are collected at your risk, including risk of non-payment and forgery.
 
 
 17
 (emphasis added). In addition, the Service Guide states:
 
 
 18
 Checks (including cashier's, ...) and money orders for C.O.D. amount will be collected at the shipper's sole risk, including, but not limited to, risk of non-payment, fraud and forgery and we will not be liable upon any such instrument.
 
 
 19
 Federal Express Service Guide, Vol. 1 p. 44 (1992). (emphasis added).
 
 
 20
 The above contract provisions relieve Defendant of the duty to exercise reasonable care when collecting a C.O.D. payment and place the risk of loss solely upon Plaintiff. Plaintiff, however, attempts to avoid the effect of these provisions by arguing that since the purported cashier's check delivered to Plaintiff by Defendant turned out to be mere artifice of fraud, Defendant did not deliver a true cashier's check and, therefore, breached the contract. Plaintiff's argument is, at best, specious. Plaintiff itself admits in its Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment that Defendant received and delivered to Plaintiff what facially appeared to be a valid cashier's check.[3] The contract, by allocating the entire risk of fraud to Plaintiff, only required that Defendant deliver a check that facially appeared to be a valid cashier's check. As such, Defendant fully discharged its duties under the contract and was not required to make any further investigation into the checks validity. National Diamond Syndicate, Inc., 897 F.2d at 262-64; Wave Electronics v. United Parcel Service, 603 A.2d 143, 144 (N.J.Super.1991). Defendant, therefore, did not breach its contract with Plaintiff on the basis that the cashier's check received and delivered to Plaintiff subsequently was determined to be invalid. Since the Court has determined that no breach has occurred, it need not address the parties' limitation of liability arguments.
 
 
 21
 IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [Doc. # 9] is GRANTED. This case is dismissed with prejudice. Parties to bear their own costs. This case is terminated.
 
 
 22
 ENTERED this 22nd day of March, 1994.
 
 
 23
 /s/ Joe B. McDade
 
 JOE B. McDADE
 United States District Judge
 
 
 [1]
 The airbills explicitly state that by giving a package to Federal Express for delivery, a shipper agrees to all terms on the airbill and in the Service Guide. In addition, the airbills explicitly state that use of the airbills constitutes a shipper's agreement to the service conditions in the Service Guide. Thus, Milam's use of the airbills to ship the packages in this case constituted its agreement to the terms and conditions in the airbills and the Service Guide, and no signature by Milam was necessary on the airbills
 
 
 [2]
 Incredibly, Plaintiff appears to argue in this breach of contract case which is based, at least in part, upon the terms in the airbills, that the limitations of liability contained in the airbills do not apply because the airbills were not executed and, therefore, there was no meeting of the minds as to any limitation of liability
 
 
 [3]
 Plaintiff's attempt to negotiate the cashier's check is further evidence that the check facially appeared to be a valid cashier's check